[Crim. No. 516. Third Appellate District.—October 18, 1920.]

THE PEOPLE, Respondent, v. M. HERMAN, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—THEFT OF WOOL—EVIDENCE—WEIGHT OF.—In this prosecution for the crime of grand larceny, the person who was accused jointly with the defendant of having stolen certain wool, and who pleaded guilty, having testified that prior to the date the wool was stolen the defendant was with him out in the vicinity of the shed where the wool was then stored and that they saw the wool, that several days afterward the defendant told him to go ahead and get some of the wool and he would pay him twenty cents a pound for it, the trial court did not commit error in allowing a certain witness, who conducted the reduction works to which the stolen wool was delivered, to testify, over defendant's objections, that some three or four days before the date the wool was stolen he had a conversation with the defendant in which he told the defendant that if he could buy the wool he would pay him thirty-five cents a pound for it; and the question whether this testimony was full and complete, or only partial, had reference merely to its weight and not to its admissibility.

[2] ID.—ALLEGED CONVERSATION WITH DEFENDANT—ADMISSIBILITY OF.—In such prosecution, the court properly permitted the bookkeeper of the reduction works to which the stolen wool was delivered to testify, over defendant's objection, that on the morning of the delivery of the wool she had a telephone conversation with a man who said his name was Herman (the name of the defendant) of the "American Junk Company" (that being the name under which defendant conducted his business), who said "he was expecting his man to come in there with some wool and not to give him the price, and I told him the gentleman had been there, and that I didn't give him the price," leaving the jury to determine what weight should be given to the same.

[3] ID.—PREPARATION TO COMMIT CRIME—EVIDENCE.—In such a prosecution, testimony to the effect that about two days before the

date the wool was stolen the defendant asked the witness if he "wanted to make a little change," to which the witness replied, "Sure," and the defendant told him to go out some night with a certain person, who was accused jointly with the commission of the crime and who pleaded guilty, "and help him to haul in some stuff. He didn't say what stuff," is admissible as bearing upon the question of preparation of the defendant to commit the crime charged, and the jury has the right to consider such evidence in connection with the other evidence and circumstances in the case, to determine whether or not the defendant in so speaking to said witness was asking him to go with the person referred to and steal the particular wool which was thereafter stolen.

[4] ID.—FELONIOUS CONNECTION OF DEFENDANT WITH CRIME—KNOWLEDGE OF ACTS COMMITTED—INSTRUCTIONS.—In a prosecution for the larceny of certain wool, if the evidence in the case shows the felonious connection of the defendant with the taking of the wool at any time before it was delivered to a certain reduction works by the person who was accused jointly with the defendant of having committed the crime, the effect of such evidence should not be destroyed by the giving of an instruction, at the request of the defendant, to the effect that, notwithstanding the defendant "learned or had reasonable grounds to believe that the wool had in fact been stolen" by such other person, and his associate, after the delivery thereof to the reduction works and before the payment of any money by defendant, if the jury "should not be satisfied that the defendant had any knowledge of, or anything to do with, the removal of said wool to said destination," then they must find the defendant not guilty.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Carlin and W. P. Rich for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

NICOL, P. J., pro tem.—The defendant, with one Venice Gibbons, was accused of having, on the seventeenth day of November, 1919, stolen four sacks of wool from one W. F. Hoke in Sutter County. The said Gibbons pleaded guilty, and this defendant was tried and, on the fourteenth day of January, 1920, was convicted of the crime of grand larceny.

From the judgment and order denying motion for new trial defendant prosecutes this appeal.

It appears from the evidence that on the seventeenth day of November, 1919, the defendant was, and for some time prior thereto had been, engaged in conducting a junk business in the city of Marysville, under the name of the "American Junk Company." The said Venice Gibbons was on this day working for him, and for some time prior thereto he had been in defendant Herman's employ, going out in the country and gathering up junk, which he hauled to defendant's junk-yard. The wool belonging to the said W. F. Hoke was stored in a shed in the usual wool sacks on his ranch in Sutter County, about twelve miles from the city of Marysville. Some time prior to the seventeenth day of November, the said Gibbons and the defendant had been out in the vicinity of the said shed and had seen the wool, but no conversation was had between them at that time about the wool. On the afternoon of the seventeenth of November, 1919, Gibbons and another man were seen in the vicinity of this wool-shed, at which time there were sixteen sacks of wool piled upon a wagon, preparatory to hauling it to market. On the night of November 17th the said Gibbons and another party took from this wagon four sacks of wool (weighing 962 pounds) upon a small truck belonging to the defendant and hauled it to Marysville, thence to Sacramento, where they arrived some time before morning, and about 7 o'clock in the morning of November 18th they went to the "Sacramento Reduction Works," conducted by one Frank Repetta, where they left the wool in the name of the "American Junk Company" and received from Repetta a tag showing the number of pounds. With this tag they returned to Marysville, where Gibbons saw the defendant and gave him the tag. The other party was not seen by the defendant. Defendant then called up the "Sacramento Reduction Works" and inquired concerning the number of pounds of wool which had been stored, and, not being satisfied with the answer, went to Sacramento the forenoon of the said 18th of November, and saw Repetta and from him learned it to be a fact that the number of pounds of wool reported had been in fact delivered and he then returned to Marysville and saw Gibbons and paid him for the wool at the rate of twenty cents per pound.

Before this wool was stolen, according to the testimony of
Venice Gibbons, he was given encouragement and assistance
by defendant in the theft. Gibbons used the defendant's
truck to take and transport the stolen wool to Sacramento,
and after its delivery at Sacramento he reported to and de-
livered the weight tag to the defendant, which tag was found
on the defendant's person by the sheriff of Yuba County at
the time of his arrest, and the check in payment of the wool
was forwarded by the ''Sacramento Reduction Works'' to
the ''American Junk Company.''

The testimony of Venice Gibbons clearly shows the facts
connected with the larceny and the defendant's knowledge
of the same and his connection with the asportation and the
disposition of the wool at Sacramento, and the testimony of
the said Gibbons as to the defendant's connection with this
larceny is sufficiently corroborated.

[1] It is claimed by the appellant that the court erred in
allowing the witness Frank Repetta to testify, over defend-
ant's objection, that some three or four days before the
seventeenth day of November, 1919, he had a conversation
with the defendant in which he told defendant that if he
could buy the wool he would pay him thirty-five cents a
pound for it f. o. b. Sacramento. We do not think that the
court erred in overruling defendant's objection to this evi-
dence. It appears from the testimony of Venice Gibbons
that prior to the seventeenth day of November, 1919, the
defendant was with him out in the vicinity of the shed
where the wool of. W. F. Hoke was then stored and that
they saw the wool. That several days afterward the de-
fendant told him to go ahead and get some of the wool and
he would pay him twenty cents a pound for it. In view
of this testimony, we are of the opinion that the above con-
versation of Repetta with the defendant as to the price
Repetta would pay for wool was admissible as bearing upon
the question of defendant's preparation to commit the crime
charged, and whether this testimony was full and complete,
or only partial, would have reference merely to its weight
and not to its admissibility.

[2] Complaint is made of the court's action in permit-
ting the witness Mary Koewler, the bookkeeper for the ''Sac-
ramento Reduction Works,'' to testify, over defendant's ob-
jection, that on the morning of the eighteenth day of Novem-

ber, 1919, being the morning of the delivery of the wool, she had a telephone conversation with a man who said his name was Herman (the name of defendant) of the "American Junk Company," who said "he was expecting his man to come in there with some wool and not to give him the price, and I told him the gentleman had been there, and that I didn't give him the price." This testimony was admissible, and it was a matter for the jury to determine what weight should be given to the same.

[3] The objection of the defendant to the testimony of the witness J. W. Riley was properly overruled. This testimony was to the effect that the defendant, on or about the fifteenth day of November, 1919, asked him if he "wanted to make a little change," to which the witness replied, "Sure," and he said to "Go out with Venice Gibbons some night and help him to haul in some stuff. He didn't say what stuff."

This evidence was admissible as bearing upon the question of preparation of defendant to commit the crime charged, and the jury had the right to consider this evidence in connection with the other evidence and circumstances in the case, and to determine whether or not the defendant in so speaking to the said Riley was asking him to go with the said Venice Gibbons and steal the particular wool which was thereafter stolen.

[4] Complaint is made of the trial court's refusal to give certain instructions requested by the defendant. In our opinion the court did not err in refusing the following proposed instruction: "I instruct you that even if you should find that after the wool had been delivered to the Sacramento Reduction Works by the witness Gibbons, and his associate, and before the payment of any money by defendant, he learned or had reasonable grounds to believe that the wool had in fact been stolen by said Gibbons and his associate, but notwithstanding this, if you should not be satisfied that the defendant had any knowledge of, or anything to do with the removal of said wool to said destination in Sacramento, then you must find the defendant not guilty."

We think the court properly refused this proposed instruction for the reason that if the evidence in the case showed the felonious connection of the defendant with the taking of the wool at any time before it was delivered in

Sacramento to the "Sacramento Reduction Works," the effect of such evidence should not be destroyed by the giving of this proposed instruction.

There was no error in the refusal of the instructions to the effect that the defendant "is on trial charged with the crime of grand larceny and for no other crime or offense" and "that the defendant in this action is not on trial for the crime of receiving or dealing in stolen property," as the court in its instructions fully instructed the jury that the defendant was on trial upon the charge of grand larceny.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.