[Civ. No. 5313. First Appellate District, Division One.—December 11, 1925.]

## CHARLES EASTMAN, a Minor, etc., Respondent, v. E. H. MEANS, Appellant.

[1] NEGLIGENCE — EVIDENCE — TELEPHONE CONVERSATION—IDENTITY OF PERSON CALLED.—In an action for damages for personal injuries sustained by a minor, testimony of the father and mother of the minor that they called the defendant's residence over the telephone and the party answering the call was addressed by the name of the defendant and answered inquiries of the witnesses referring to the transaction involved in the action was sufficient *prima facie* to prove the identity of the defendant and was properly admitted in evidence, especially where the defendant, while a witness on his own behalf, admitted the fact of the conversation.

---

(1) 5 C. J., p. 666, n. 61 New; 22 C. J., p. 193, n. 89, 90.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Affirmed.

---

1. See 10 Cal. Jur. 774; 1 R. C. L. 477.

The facts are stated in the opinion of the court.

Porter C. Blackburn for Appellant.

McGovney & Klein for Respondent.

CASHIN, J.—An action to recover damages for injuries which, according to the findings of the trial court, were wilfully inflicted by appellant upon respondent, the latter being a minor. Judgment was entered against appellant and the appeal taken therefrom.

As a ground for reversal it is contended that the court erred in permitting the father and mother of the minor to testify that following the injuries alleged certain conversations were had by them by means of the telephone, which, if the person with whom they conversed was the appellant, were admissible as evidence of admissions then made by the latter.

[1] The witnesses mentioned and appellant were all residents of the city of Los Angeles, and it appears from the testimony that the person with whom the conversations were had answered a telephone call to the residence of appellant, was addressed by the name of appellant, and that the answers to the inquiries of the witnesses referred to the transaction involved in the action. This testimony was sufficient *prima facie* to prove the identity of appellant with the person addressed and was properly admitted (*Union Construction Co.* v. *Western Union Tel. Co.*, 163 Cal. 298, 307 [125 Pac. 242]). In addition to the foregoing appellant, while a witness on his own behalf, admitted the fact of the conversations.

No error being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.