[Crim. No. 1635.    Third Appellate District.—August 5, 1938.]

THE PEOPLE, Respondent, v. L. P. LORRAINE, Appellant.

Robert W. Huston and Horace E. Frye for Appellant.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted of the crime of abortion under the provisions of section 274 of the Penal Code. From the judgment which was accordingly rendered and from the order denying a new trial he has appealed.

It is contended the verdict and judgment are not supported by the evidence for the reason that the testimony of the prosecutrix, upon whom the crime was committed, is not sufficiently corroborated to meet the requirements of section 1108 of the Penal Code. It is also asserted the court erred

in receiving evidence of communications with the defendant over the telephone without adequate proof of a recognition of his voice or of his identity.

There is no merit in either of the preceding contentions. The prosecutrix testified to a convincing story of her condition and her first visit to the defendant at his home in Sacramento on January 7, 1938. They discussed her condition and he agreed to perform the illegal operation of abortion prohibited by section 274 of the Penal Code for a consideration of $75. At his request she returned the following day. She described exactly how he then performed the operation, and she identified the instrument which he used for that purpose. She also related the advice which he instructed her to follow thereafter. She paid his fee of $75 and returned in her apartment. The following day she became violently ill as a result of the illegal operation. The defendant was repeatedly called on the telephone from her apartment, but flatly declined to visit her. He refused to attempt to aid her in any manner. On the 9th of January she was taken to the hospital.

It is true that section 1108 of the Penal Codes declares that:

"Upon a trial for procuring or attempting to procure an abortion, . . . the defendant cannot be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence."

In the present case the requirements of the preceding section were adequately complied with. There was an abundance of corroborating evidence of the prosecutrix' straightforward story by four other witnesses. Two reputable physicians of Sacramento, with many years of experience in the practice of their profession, attended the prosecutrix at the hospital on January 10th. Both of them testified that she had lately suffered a miscarriage procured by artificial means with the use of an instrument. The sister of the prosecutrix, in company with a mutual lady friend, visited the defendant at his home on March 3d, and talked with him about his participation in the illegal operation in question. They testified that, in effect, he admitted to them that he performed the operation. They stated that "He said he knew that the work he was doing was illegal." They called his attention to numerous communications which the sister of the prosecutrix had with him over the telephone the night after the operation

was performed, in which she told him of the serious illness of her sister. They asked him why he did not respond to the request to visit her. He replied "that he never came to call on his patients, and as soon as they left the door of his home that he was through with them". The sister of the prosecutrix then testified that:

"I asked him if he wouldn't consider giving her back the $75.00 that she paid him to perform the operation and he said that he never did that; he never gave back the money because he would be giving back money to everybody, and he said he never saw his patients outside of his home because he was afraid—he said that he never knew when he was going to be framed, . . . because once before he had been caught and he said he had to be very careful."

This furnishes sufficient corroboration of the testimony of the prosecutrix to comply with the statutory requirement. ■ It is not necessary that all the material details of the illegal transaction constituting the crime of abortion shall be corroborated. (1. C. J. 332, sec. 112.) It is only necessary to supply corroboration which satisfactorily tends to prove the offense and to connect the defendant with the crime with which he is charged. In 1 California Jurisprudence, page 114, section 12, it is said in regard to the amount of corroboration required to prove the crime of abortion:

"It may be stated generally that it is sufficient if, considered by itself, it tends in some way to connect defendant with the crime charged."

To the same effect is the case of *People* v. *Thompson,* 16 Cal. App. 748 [117 Pac. 1033].

■ The court did not err in receiving evidence of communications with the defendant over the telephone on the evening following the commission of the illegal operation. The sister of the prosecutrix, who testified to her communications with the defendant over the telephone, said that she afterward visited his home and talked with him, and that she positively recognized his voice as the voice of the person with whom she previously talked over the telephone. This testimony was given in that regard:

"Q. Had you ever talked to him over the telephone prior to the time you went to his home on the third of March? A. Yes, I talked to him several times. Q. Did you recognize

this man and his voice as the one to whom you had' talked?
A. Yes. . . . I called him eight or ten times and he refused
[to visit my sister]. . . . Q. And was it this man to whom
you talked? A. Yes, it was. . . . Q. When was it that you
recognized the man whom you had talked to at the home was
the same man you talked to over the phone? A. I knew
immediately' when he spoke to me at the door.''

The identity of the defendant as the person with whom
the witness had carried on the conversations over the tele-
phone, to which she testified, appears to have been clearly
established. For the purpose of admitting in evidence a com-
munication over the telephone, it is necessary to first require
proof of the identity of the individual with whom it is held.
The identity of the person may be established by proof of
recognition of his voice, or by other circumstances which
satisfactorily indicate the identity of the individual. (*Union
Const. Co.* v. *Western Union Tel. Co.,* 163 Cal. 298, 306 [125
Pac. 242]; *Eastman* v. *Means,* 75 Cal. App. 537 [242 Pac.
1089]; *Mayr* v. *Goldschmidt,* 63 Cal. App. 381, 386 [218 Pac.
621]; *People* v. *Herman,* 49 Cal. App. 592, 595 [193 Pac.
868]; 71 A. L. R. 5, note.)

In 1 Ruling Case Law, page 477, section 13, it is said with
.respect to the preliminary proof which is required to render
testimony of a communication over a telephone competent:

''Communications through the medium of the telephone
may be shown in the same manner, and with like effect, as
conversations had between individuals face to face. But the
identity of the party against whom the conversation is sought
to be admitted must be established by some testimony, either
direct or circumstantial; to hold parties responsible for an-
swers made by unidentified persons opens the door for fraud
and imposition. Slight circumstances will suffice for this
purpose, however.''

The judgment and the order are affirmed.

Pullen, P. J., concurred.