[Crim. No. 3668.   Second Dist., Div. One.   Apr. 12, 1943.]

THE PEOPLE, Respondent, v. JACKSON SMITHERMAN, Appellant.

Thomas Higgins, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

DORAN, J.—In an information filed in the Superior Court of Los Angeles County appellant was charged in one count with murder and in a second count with the commission of an abortion. After a plea of not guilty appellant was tried by the court sitting without a jury and found guilty on both counts as charged. The trial court found the crime charged in the first count to be murder in the second degree. Appellant's motion for a new trial was denied. ■ At the time of the pronouncement of the judgment, appellant gave oral notice of appeal; and it may therefore be assumed, in the absence of anything in the record to the contrary, that the appeal here taken is from both the judgment and the order denying the motion for a new trial, as appellant has so stated in his brief. (See 8 Cal.Jur. 518, Criminal Law, sec. 529.)

Appellant raises two points upon this appeal, namely, that there was insufficient corroboration of the testimony of an accomplice, and that there was no showing by the People that the acts of appellant, if proven, were not necessary to preserve the life of the woman with whose death appellant was charged.

■ It is contended that the accomplice was the young man who had caused the pregnancy of the young woman in question, the deceased, and who had brought the deceased to appellant. Without considering the testimony of this witness, the following facts were established by other evidence. The pregnancy of the deceased was shown by the testimony of a physician and surgeon whom deceased had visited and who had examined deceased a few hours before she had visited appellant. The visits of deceased to appellant were established by the testimony of a witness present in appellant's apartment at the time and who was not shown to be an accomplice. This witness established the use of instruments by appellant either upon the person of deceased or in relation to her. The condition of deceased's uterus and other internal organs was established by the testimony of the surgeon who performed the autopsy upon her body. This witness gave the cause of death as a generalized or acute diffused peritonitis due to a perforation of the uterus. The physician who had

first examined deceased testified that at the time, which was a few hours before she visited appellant, she appeared to be normal and there was nothing of an unusual nature with respect to her physical condition, other than the fact that she was pregnant. Testimony of other witnesses tended to establish the condition of deceased after her visit to appellant and the fact that appellant made a house call upon deceased after deceased became very ill. There was testimony by a woman witness that appellant performed an abortion upon her, using the same method as was indicated in the case of deceased. "It is not necessary that all the material details of the illegal transaction constituting the crime of abortion shall be corroborated. (1 C.J. 332, sec. 112). It is only necessary to supply corroboration which satisfactorily tends to prove the offense and to connect the defendant with the crime with which he is charged." *People* v. *Lorraine,* 28 Cal.App.2d 50, 53 [81 P.2d 1004]. Evidence other than that given by an accomplice was ample in the present case to establish the crime and to connect appellant with that crime. Appellant's contention to the contrary is wholly without merit.

The testimony of the physician who had examined deceased prior to her visit to appellant was sufficient to establish prima facie the fact that the acts of appellant were not necessary to preserve the life of his victim; and it is unnecessary to decide here whether the burden of proof in this respect is upon the prosecution. Another circumstance bearing upon the question of the necessity of an abortion to preserve life is the evidence to the effect that appellant bargained with deceased and her escort over the charge for performing an abortion before appellant had examined deceased to determine if she were pregnant. (cf. *Tapley* v. *Abbott,* 111 Cal.App. 397, 402 [295 P. 911].)

The judgment and the order denying the motion for a new trial are, and each of them is affirmed.

York, P. J., and White, J., concurred.