THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
LAURA E. CIRINO, Defendant and Appellant.

No. 13490.  Argued January 10, 1949.—Decided January 28, 1949.

César Andréu Ribas, Guillermo Pierluisi, and Arcilio Alvarado, for appellant. *Vicente Géigel Polanco, Attorney General, (José C. Aponte, Acting Attorney General, on the brief), and J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The District Attorney of San Juan filed two informations against Laura E. Cirino and Guadalupe Cirino for murder in the second degree. Both cases were jointly tried before a jury, which after hearing abundant evidence returned in each case verdicts of guilty against Laura E. Cirino and of not guilty in favor of Guadalupe Cirino. In accordance with the verdicts rendered, the court acquitted Guadalupe Cirino and sentenced Laura E. Cirino to an indeterminate term of from ten to twenty years' imprisonment in the penitentiary in each case, both sentences to be served concurrently. Laura E. Cirino has appealed and in support of her appeal she has assigned the five errors which we will discuss presently.

The defendant first contends that "the lower court and the jury erred in finding the defendant guilty of murder in the second degree under informations which failed to state

facts sufficient to charge that crime and which only charged either abortion or involuntary manslaughter."

The crime of abortion is defined by § 266 of the Penal Code as follows:

"Every person who provides, supplies, or administers to any pregnant woman, or procures any such woman to take any medicine, drug or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the penitentiary not less than two nor more than five years."

If in the instant case the evidence had merely shown that the defendant Laura E. Cirino provided, supplied, or administered to a pregnant woman or procured such woman to take any medicine, drug or substance, or used or employed any instrument or other means whatever, with the intent to procure the miscarriage of that woman, and that such action of Laura E. Cirino had not been necessary to preserve the life of said woman, and in addition that the latter had not died, the crime committed would have been, of course, that of abortion. But in this case each information specifically alleged that about the month of September, 1944, Laura E. Cirino, "unlawfully, wilfully and feloniously and with malice, when procuring an unlawful miscarriage upon the person of Georgina López Bonano, a pregnant woman, without the same being necessary to save or preserve her life, and without the defendants being physicians and surgeons authorized to practice such profession in Puerto Rico, introduced in the genital organs of the said Georgina López Bonano certain instruments and substances unknown to the district attorney, and produced on said Georgina López Bonano internal injuries which caused a vaginal hemorrhage, in consequence of which the said Georgina López Bonano died a few hours later." (The second information against both defendants was drafted in identical terms as the first one, except that in the second case the victim was Antonia Cabán Agrón.)

The information in each case does not confine itself to charging the crime of abortion, but it goes further and alleges that, in consequence of the unlawful miscarriage procured on the above-mentioned women, the latter had died.

In discussing this error the defense contends that, due to the terms in which the informations are drafted, the same do not charge the crime of murder in the second degree, and that at the most they charge the crime of abortion or that of involuntary manslaughter. The defense is not correct. According to § 199 of the Penal Code, murder is the unlawful killing of a human being, with malice aforethought. When murder is perpetrated by means of poison, lying in wait, torture, or is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary or mayhem, it is murder in the first degree, all other kinds of murder being in the second degree. Section 201 of the same code. In view of the allegations contained in the informations, the district attorney could not have successfully charged therein the crime of murder in the first degree. However, from the face of the informations it readily appears that the gist thereof has been to charge the defendant Laura E. Cirino, in each case, with the killing of a human being, with malice. The informations clearly charge the crime of murder in the second degree. The contention that the crime charged is that of abortion or that of involuntary manslaughter fails to find support in our decisions or in the decisions construing provisions similar to those contained in §§ 199 and 266 of our Penal Code.

The foregoing Sections are equivalent to §§ 187 and 274 of the Penal Code of California. The decisions from said State, rendered after the date on which those Sections were enacted by our Legislature, are not binding on this Court but have for us persuasive force. *People* v. *Pérez*, 59 P.R.R. 455. In California it has been repeatedly held, as we are holding now, that the causing of a death under conditions

similar to those described in the above-mentioned informations constitutes the crime of murder in the second degree. *People* v. *Schafer*, 198 Cal. 717, 247 Pac. 576; *People* v. *Wright*, 167 Cal. 1, 138 Pac. 349; *People* v. *Balkwell*, 143 Cal. 259, 76 Pac. 1017; *People* v. *Goltrin*, 5 Cal. 2d 649, 55 Pac. 2d 1161; *People* v. *Long*, 15 Cal. 2d 590, 103 Pac. 2d 969; *People* v. *Cook*, 93 C. A. 174, 269 Pac. 176; *People* v. *Brewer*, 19 C. A. 742, 127 Pac. 808; *People* v. *Card*, 40 C. A. 22, 180 Pac. 53; *People* v. *Wilson*, 54 C. A. 2d 434, 129 Pac. 2d 149; *People* v. *Smitherman*, 58 C. A. 2d 121, 135 Pac. 2d 674; *People* v. *Navarro*, 74 C. A. 2d 544, 169 Pac. 2d 265; *People* v. *Gómez*, 41 C. A. 2d 249. See also 26 Am. Jur. 288, wherein, at the end of the first paragraph of § 196 it is stated that "in jurisdictions where abortion is raised by statute to the grade of a felony [as happens in Puerto Rico], that the causing of the death of the mother is necessarily murder, as distinguished from manslaughter." Therefore, the first error is nonexistent.

◼ The defendant next contends that "the lower court erred in admitting, over the objection of the defendant, irrelevant and immaterial evidence, which did not at all aid in the correct decision of the case, and which on the contrary tended to arouse prejudice in the jury against the defendant, since said evidence tended to show successive commissions by her of other crimes of abortion . . ." Raquel Pizarro, who resided in defendant's house at the time the events mentioned in the information took place, was asked by the district attorney if on prior occasions some women went to Laura E. Cirino's house. The defense objected and the court overruled the objection. Then the witness testified that from time to time other women went there. When the foregoing question was put to the witness, she had already fully testified as to the manner in which Mrs. Georgina López Bonano and Mrs. Antonia Cabán Agrón had arrived at Mrs. Cirino's house, and also that the defendant and these women had entered into a room, as to the time they had spent there,

the instruments which Laura E. Cirino carried to the room, the subsequent moaning of said women, and the serious condition in which they were when they came out of the house. The same witness, upon being cross-examined by the defense, testified that other women went to that house to have dresses made and even Laura E. Cirino herself, while occupying the witness stand, testified that she was a midwife and nurse and that frequently women came to her house for injections. If the defense examined Raquel Pizarro on questions similar to those objected to and subsequently the defendant herself testified regarding the same particulars, this was equivalent to a waiver of the objection and the error, if any, was not prejudicial. *People* v. *Morales*, 39 P.R.R. 27, 31; *People* v. *Báez*, 45 P.R.R. 498, 504.

■ The third error attributed to the lower court is that the latter permitted the witness Dr. Ramón E. Llovet to testify regarding the autopsies performed on two corpses without the same having been duly identified as those of the two women whose deaths were charged against the defendant. Dr. Llovet was asked by the district attorney whether he had before him on October 2, 1944, the bodies of Antonia Cabán Agrón and Georgina López Bonano and whether he had submitted a report. The witness answered in the affirmative. When another question to the same effect was put to him, the defense objected and the court stated: "The objection is sustained, the district attorney should make the identification." The witness continued testifying that on the above-mentioned date he worked in the Municipal Hospital of Santurce as physician and surgeon; that he received two female corpses and performed an autopsy thereon. He then said that in his report he had stated that he knew those two persons, who "were identified by employees of the Municipal Hospital. Afterward by their relatives during the autopsy." This identification of the corpses made by the expert witness was clearly admissible in evidence. It has been so held, repeatedly, by this Court. *People* v. *Díaz*, 68 P.R.R. 186; *People*

v. *Rodríguez*, 62 P.R.R. 749; *People* v. *Marrero alias "Moncho,"* 41 P.R.R. 938.

As a fourth error the defendant contends that "the verdicts, the convictions, and the sentences are contrary to the evidence," since at the trial it was not proved (1) that the women on whom the miscarriages were procured, were pregnant; (2) that the alleged miscarriages were not necessary to save the life of said women, and (3) that the defendant procured the abortion on them. The first particular was clearly established by the testimony of Dr. Llovet which, as we have already stated, was fully admissible. Also, there was other admissible evidence to the same effect. Although there was no direct evidence as to the second particular, nevertheless, there is abundant evidence in the record to show that Georgina López and Antonia Cabán Agrón were young women in good health at the time of the procurement of the abortions. There are numerous decisions to the effect that in cases of this kind, in order to prove that the abortion was not necessary to save the life of the women, it suffices to show that at the time they submitted to the treatment in consequence of which they died, they were young and in good health. See *People* v. *García*, 64 P.R.R. 278, 280; *People* v. *Balkwell, supra; People* v. *Thompson*, 16 C.A. 748, 117 Pac. 1033; *People* v. *Brewer, supra; People* v. *Card, supra.* Regarding the third particular, that is, that it was not proved that the defendant performed the abortions charged, all the evidence was circumstantial. This usually must be so, since ordinarily the woman on whom the abortion is procured, as in the instant case, has died. However, the jury had before it ample evidence and reached the conclusion that the defendant had committed the crimes charged. In cases tried before a jury, it is incumbent on the latter to weigh the evidence (*People* v. *Rivas*, 68 P.R.R. 439), and such weighing will not be disturbed by us, unless it is shown that the jury committed manifest error or acted under the influence of passion, prejudice, or partiality. There is suffi-

cient evidence in the record to justify the verdicts rendered. *People* v. *Rivera*, 67 P.R.R. 179, 186; *People* v. *Carmona*, 67 P.R.R. 266, 269.

Lastly, the defendant contends that the lower court erred in failing to instruct the jury on the crime of abortion. An examination of the record discloses that the defense did not request any instruction on this question and that, far from doing so, when the court after giving its instructions to the jury, asked if the parties wished it to give any additional charge to the jury the defense answered in the negative. Under those circumstances, the defendant can not now complain that the instructions referred to by her were not given. *People* v. *Millán*, 66 P.R.R. 233, and cases cited at page 244, and *People* v. *Díaz*, 63 P.R.R. 948. This case dealt with a charge of murder in the second degree. Instructions on abortion, therefore, would have been improper. See *People* v. *Wright*, *supra* and *People* v. *Balkwell*, *supra*.

Since the errors assigned were not committed, the judgment appealed from should be affirmed.