[Crim. No. 3007. First Dist., Div. Two. Sept. 13, 1954.]

THE PEOPLE, Respondent, v. JESSE HORACE, Appellant.

Harry S. Wainwright for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant District Attorney, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

KAUFMAN, J.—This is an appeal from a conviction of burglary committed by breaking into a locked automobile.

Appellant and one Charles Watson were found guilty after jury trial of having broken into the locked parked Jaguar automobile of Mr. Sidney Friedland on July 8, 1953, in San Francisco. Some of the stolen goods were recovered later that day in the trunk of the car which appellant was driving when apprehended by police. On the front seat of the car was a screwdriver, which, in the opinion of the police officer in charge of the boosting detail, could have been used in breaking into Mr. Friedland's car. Appellant finally admitted the theft and told police that the remainder of the loot was at one Johnson's home, where it was subsequently found. Johnson had been with Horace and Watson at the time of the theft.

On August 7, 1953, appellant, after having been arraigned, entered a plea of not guilty. Trial commenced on October 28, 1953. At the trial, appellant was impeached by a showing of his prior felony conviction. ,

The appeal herein is solely on the ground that the court erred in allowing the testimony of Mr. Sidney Friedland given at the preliminary hearing to be read into the record at the trial. Without this testimony there is no proof in the record that the vehicle was locked at the time the theft was committed.

Section 686, Penal Code, provides that "In a criminal action the defendant is entitled: . . . to be confronted with the witnesses against him . . . except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-

examine the witness; . . . and except also that in the case of offenses hereafter committed the testimony on behalf of the people or the defendant of a witness deceased, insane, out of jurisdiction, or who cannot with due diligence, be found within the state, given on a former trial of the action in the presence of the defendant, who has either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted.''

Appellant asserts that the facts elicited from Inspector Baroni by the district attorney at the trial fall far short of a showing of due diligence in attempting to locate the complaining witness, Sidney Friedland, within the State of California as due diligence has been defined by the decided cases. (See *People* v. *Kuranoff*, 100 Cal.App.2d 673 [224 P.2d 402] ; *People* v. *Nelson*, 85 Cal. 421 [24 P. 1006].) Inspector Baroni testified that after the preliminary hearing Mr. Friedland told him that he intended to leave California and would be gone for some time as he was employed by an oil company which required his constant traveling about the United States, and that he could be found either in Dallas, Texas, where his business was located, or in Minneapolis, Minnesota. He gave the inspector the telephone number, Walnut 7740, which he said was the telephone number of his wife's parents' home in Minneapolis where he intended to visit. Mr. Friedland also gave Inspector Baroni his San Francisco address. The inspector went to this address several times prior to the commencement of the trial but did not find Mr. Friedland. He left a note informing Mr. Friedland to contact the police when he returned, and on his last visit the note was still there. Assistant District Attorney Schnacke tried to contact Mr. Friedland by telephoning his last known San Francisco address and also his wife's former address without success. She also issued a subpoena but it was not served although an effort to do so was made.

The trial commenced on October 28, 1953. On that day Miss Schnacke telephoned the Minneapolis number, Walnut 7740. A woman answered, and Miss Schnacke asked to speak to Mr. Friedland. A man came to the phone, and Miss Schnacke identified herself as the Assistant District Attorney of San Francisco. The man who had identified himself as Mr. Friedland then asked, ''When is the trial coming up?'' After the trial had begun, Miss Schnacke made another telephone call to the Minneapolis number and spoke with a Katherine Burgraff who informed Miss Schnacke that Mr. and Mrs.

Sidney Friedland were downtown and would return home at about 4 p. m.

It is contended by appellant that evidence of these telephone calls was improperly admitted over his objection that no proper foundation had been laid to show the identity of the person to whom the assistant district attorney spoke. (*People* v. *Lorraine*, 28 Cal.App.2d 50 [81 P.2d 1004]; *Union Construction Co.* v. *Western Union*, 163 Cal. 298 [125 P. 242]; *People* v. *Blanks*, 67 Cal.App.2d 132 [153 P.2d 449].) And furthermore the conversation is hearsay and inadmissible to show the truth of the matters asserted therein.

 It has been frequently held that when an intent has been declared to do a particular thing, an inference may be drawn that the thing was done. (*People* v. *Alcalde*, 24 Cal. 2d 177, 185 [148 P.2d 627]; *Estate of McNamara*, 181 Cal. 82 [183 P. 552, 7 A.L.R. 313]; *Union Oil Co.* v. *Stewart*, 158 Cal. 149 [110 P. 313, Ann.Cas. 1912A 567]; *People* v. *Burke*, 18 Cal.App. 72 [122 P. 435].) Mr. Friedland expressed the intent to go to a certain address in Minneapolis. When a telephone call was placed to that number a man answering to the name of Sidney Friedland responded and before the nature of her business was revealed by the assistant district attorney, Mr. Friedland's question disclosed knowledge of the nature of that business. This is certainly sufficient circumstantial evidence of the identity of the witness to make such evidence admissible.

 In *People* v. *Lorraine*, 28 Cal.App.2d 50, 54 [81 P.2d 1004], cited by appellant, it is said, "The identity of the person may be established by proof of recognition of his voice, *or by other circumstances which satisfactorily indicate the identity of the individual.*" (Emphasis ours.) (See also *Eastman* v. *Means*, 75 Cal.App. 537 [242 P. 1089]; 71 A.L.R. 5, note.)

 The question as to what will constitute due diligence to secure the presence of a witness which will authorize the reading of such witness' testimony taken at the preliminary hearing when such witness is shown to be unavailable, is largely within the discretion of the trial court and depends on the facts of each particular case. (*People* v. *Cavazos*, 25 Cal.2d 198, 199 [153 P.2d 177]; *People* v. *Franquelin*, 109 Cal.App.2d 777, 781 [241 P.2d 651]; *People* v. *Raffington*, 98 Cal.App.2d 455 [220 P.2d 967]; *People* v. *Harris*, 87 Cal.App.2d 818 [198 P.2d 60]; *People* v. *Crandall*, 100

Cal.App. 785 [281 P. 81] ; *People* v. *Clayton,* 89 Cal.App. 405 [264 P. 1105].)

In *People* v. *Clayton, supra,* the court permitted the testimony given at the preliminary examination to be read when it was shown that the witness was not a permanent resident of this state, that he had returned to his home in Detroit, Michigan; that he was a mere visitor in this state and engaged in business in another state; that at the time of the preliminary hearing he had expected to leave this state and return home. In *People* v. *Land,* 137 Cal.App. 196 [30 P.2d 433], testimony given by a witness at the preliminary hearing was allowed to be read in evidence at the trial where the absent witness had come from his home in Jerome, Idaho for the preliminary hearing, and left two days later, saying he was returning to his home in Idaho. There the court stated that "due diligence" depended on the facts of each case, and that where the witness was a nonresident of the state, that fact alone would show that no amount of diligence in the use of process of the court would avail. In *People* v. *McIlvain,* 55 Cal.App.2d 322 [130 P.2d 131], it was held that testimony of a witness at the preliminary hearing could be admitted in evidence at the trial when the sister of the absent witness testified that the witness had said she intended to go to Colorado to visit her mother, had left, and subsequently the sister received a letter from the mother stating that the witness was there. The court stated that neither the officer who made the search nor the district attorney, had any reason to believe that the statements of the sister were untrue or that further efforts to locate the witness would be of any value. "Upon the receipt of credible and authentic information that the witness had left the state shortly before the trial, and in the absence of any reason to believe that she had returned, further search in the few days remaining before trial was not required."

There appears to have been no abuse of discretion in the present case in permitting the reading into the record of the testimony of Mr. Friedland at the preliminary hearing as his presence outside the jurisdiction was satisfactorily established.

We conclude that there is no merit in the appeal and that the judgment of conviction must be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.