[Crim. No. 405. First Appellate District.—October 16, 1912.]

THE PEOPLE, Respondent, v. LOUIE DENE, Appellant.

CRIMINAL LAW—MANSLAUGHTER—EVIDENCE—TESTIMONY OF ABSENT WITNESS TAKEN AT PRELIMINARY EXAMINATION—DISCRETION OF TRIAL COURT—APPEAL.—Upon the trial of a defendant convicted of manslaughter, the determination of the question as to whether or not a sufficient foundation was laid for the reading of the testimony of an absent witness taken at the preliminary examination, is a matter resting largely in the discretion of the trial court, and if there is substantial evidence in the record to support the conclusion of the trial court, this court will not interfere with the ruling allowing the testimony to be read. It is held that the showing in the record is sufficient to justify the ruling of the trial court, and that there was no abuse of discretion in permitting the deposition to be read.

ID.—DEPOSITION READ OF LITTLE IMPORTANCE.—It is held that the deposition read is of such little importance that if it had been excluded instead of admitted it would not in any way have affected the result of the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

R. Porter Ashe, for Appellant.

U. S. Webb Attorney-General, and J. H. Riordan, for Respondent.

HALL, J.—Defendant, a Chinaman, was convicted of the crime of manslaughter, for the killing of one Wong Che, also a Chinaman, and in due time appealed to this court from the judgment and the order of the court denying his motion for a new trial.

The only matter urged for a reversal is that the court erred in allowing the testimony, given at the preliminary examination of defendant by one Cornelius Lonergan, to be read in evidence over the objection of defendant, that

due diligence had not been shown by the People in an effort to procure the attendance at the trial of the witness.

The determination of the question as to whether or not sufficient foundation has been laid for the reading of the testimony of a witness taken at the preliminary examination, is a matter lying largely in the discretion of the trial court. It presents a question of fact, to be determined in the first instance by the trial judge, and if there is substantial evidence in the record to support the conclusion of the trial court this court will not interfere with the ruling allowing the testimony to be read. (*People* v. *Lederer,* 17 Cal. App. 369, [119 Pac. 949] ; *People* v. *Lewandowski,* 143 Cal. 574, [77 Pac. 467] ; *People* v. *Nelson,* 85 Cal. 421, [24 Pac. 1006].)

The showing contained in the record before us is sufficient to justify the ruling of the trial court.

At the preliminary examination the witness Lonergan gave his residence as at 272 Natoma Street. The information was filed on the sixth day of January, 1912. The trial of defendant commenced on the eighth day of May, 1912.

Upon this day a subpoena was placed in the hands of a police officer for service upon the absent witness. This officer went to 272 Natoma Street and found it to be a lodging-house. Upon inquiry of the bookkeeper of the place he was informed that the witness, Cornelius Lonergan, had formerly lived at the house but had left upon May 3d, and had stated that he was going to Point Richmond. This officer made three other attempts before the offer of the deposition to find the witness at 272 Natoma Street, but without success. Another officer was, however, sent to Point Richmond with a subpoena for service upon the absent witness. This officer's testimony was to the effect that in an effort to serve the subpoena upon the absent witness he went to Point Richmond and to the city of Richmond, and upon inquiry at all the factories, restaurants, hotels, and saloons at those places, neither found the witness nor any body that knew him. This was all done before the deposition was offered in evidence, which was upon May 15th.

Upon this showing the court did not abuse its discretion in allowing the deposition to be read.

Furthermore the testimony of Lonergan was of but trifling importance. There was no dispute or real controversy about

the shooting to death of the decedent, except as to the identity of the man who did the killing. Though Lonergan testified as to seeing a Chinaman hurrying away from the place of the shooting immediately upon the shots being fired, he was unable to identify defendant as that man, though he did testify that the man whom he had seen wore "American pants" and it appeared that the defendant, when arrested shortly afterward and a few blocks away from the place of the homicide, was so dressed. But it is a matter of common knowledge that in California such is the common custom of the Chinese. It is impossible to believe that the exclusion of the deposition of Lonergan would in any way have affected the result of the trial.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.