[Crim. No. 542. First Appellate District.—November 13, 1914.]

THE PEOPLE, Respondent, v. LESLIE R. TRENT, Appellant.

CRIMINAL LAW—GRAND LARCENY—EVIDENCE—DEPOSITIONS—FOUNDA-
TION FOR—DISCRETION OF COURT.—In a prosecution for grand larceny the question as to whether due diligence was shown in an effort to procure the prosecuting witness, as a foundation for admission in evidence of his deposition taken upon the preliminary examination, is largely addressed to the discretion of the trial court; and where the people relied for such showing upon returns of the sheriffs of quite a number of counties of the state, including the county which

was the last known place of residence of the desired witness, in which these officials each certified that after due search and diligent inquiry, they had been unable to find the witness, and it was further shown that a diligent search had been made for the witness in the county where the crime occurred and where the witness had been staying and had directed his letters sent, it cannot be said on appeal that the trial court abused its discretion in admitting the deposition in evidence.

ID.—FAILURE TO PRESENT CERTIFICATE OF OFFICIAL REPORTER—INSUFFICIENT OBJECTION TO EVIDENCE.—In such a case there was no error in overruling the general objection to the deposition "that the proper foundation had not been laid" without directing the attention of the court or opposing counsel to the specific defect that the certificate of the official reporter of the magistrate upon the preliminary examination who took and transcribed such deposition was not presented or admitted in evidence; where the record further discloses that this general objection was made during the course of a discussion as to the sufficiency of the preliminary showing as to due diligence in seeking to locate the missing witness and did not refer directly to the defect in the omission to produce the reporter's certificate; especially where it appears that the certificate was in court at the time and could easily have been produced and offered if the specific objection had been made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Frank J. Murphy, and Melvin E. Van Dine, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction of the defendant of grand larceny and from an order denying a new trial. The appellant urges two points upon this appeal, both of which relate to the regularity of the court's action in admitting in evidence the deposition of the prosecuting witness taken upon the preliminary examination and without the presence of which in evidence it is conceded the defendant could not have been convicted of the alleged crime.

The first contention of the appellant is that the court erred in admitting the deposition in evidence without having the proper foundation therefor laid in a sufficient showing that the prosecuting witness could not, after due diligence, be found within the state. The people relied for such showing upon returns of the sheriffs of quite a number of counties of the state, including the county which was the last known place of residence of the desired witness, in which these officials each certified that after due search and diligent inquiry, they had been unable to find the witness. It was further shown that a diligent search had been made for the witness in San Francisco, where the crime occurred and where the witness had been staying and had directed his letters sent. We think that the question as to whether these constituted a showing of due diligence lay largely in the discretion of the trial court; and we are unable to say from this record that the court has in any way abused that discretion (*People* v. *Dene,* 20 Cal. App. 137, [128 Pac. 339] ; *People* v. *Lederer,* 17 Cal. App. 369, [119 Pac. 949] ).

The next and final contention of the appellant is that the deposition was improperly admitted in evidence for the reason that the amended record shows that the certificate of the official reporter of the magistrate upon the preliminary examination, who took and transcribed such deposition, was not presented or admitted in evidence, and hence that the proper foundation for the admission of the deposition itself was not laid. Our examination of the record, however, discloses that the objection of defendant's counsel to the introduction of the deposition was couched in the general form, "that the proper foundation had not been laid," without in any way directing the attention of the court or of opposing counsel to the specific defect upon which he now relies. The record further discloses that the foregoing general objection was made during the course of a discussion as to the sufficiency of the preliminary showing as to due diligence in seeking to locate the missing witness and did not refer directly to the defect in the omission to produce the reporter's certificate, which is now sought to be taken advantage of. It is further disclosed by the amended record that the said certificate of the reporter was in fact in court at the time of the trial and could easily have been produced and offered had the specific objection directing attention to its omission in evi-

dence been made. Under these circumstances, we think the objection of the defendant to the admission of the deposition without this preliminary proof was too general to be relied on here (*People* v. *Buckley,* 143 Cal. 375, 383, [77 Pac. 169]).

No other error appearing in the record, the judgment and order denying a new trial are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1915.

Lawlor, J., having been trial judge herein, does not participate in the foregoing.