[Crim. No. 958. Second Appellate District, Division One.—April 24, 1923.]

THE PEOPLE, Respondent, v. MASON BROWN, Appellant.

[1] CRIMINAL LAW — PANDERING — INDUCING FEMALE TO BECOME INMATE OF HOUSE OF PROSTITUTION—INSTRUCTIONS—CORROBORATION OF TESTIMONY OF ACCOMPLICE.—In a prosecution for the crime of pandering by inducing, persuading, and encouraging a female person to become an inmate of a house of prostitution, such female is not an accomplice, and it is not error to refuse instructions relating to the corroboration required of the testimony of an accomplice.

[2] ID.—CORROBORATION OF TESTIMONY OF ACCOMPLICE—CODE AMENDMENT OF 1915—EFFECT OF.—Under the amendment of 1915 to section 1111 of the Penal Code, the rule requiring corroboration of

the testimony of an accomplice as specified therein is limited to cases where there is evidence which, if true, classifies the witness as one liable to prosecution for the identical offense charged against the defendant on trial.

[3] ID.—PANDERING—CHARACTER OF HOUSE—SUFFICIENCY OF EVIDENCE. In a prosecution for the crime of pandering by inducing, persuading, and encouraging a female person to become an inmate of a house of prostitution, proof that the hotel where, according to the testimony, the offense was committed, was a house of ill fame was sufficient, where several witnesses testified that they knew the reputation of the house and that it was reputed to be a house of that character.

[4] ID.—HOUSE OF PROSTITUTION—EVIDENCE—TESTIMONY OF POLICE OFFICERS—MEANS OF KNOWLEDGE—EFFECT OF.—The fact that witnesses to the character of a house of ill fame were police officers and that their knowledge of the reputation of the house had been obtained by them in the course of their official duties, including conversations with several persons, rather than by more general inquiry, did not make their testimony inadmissible.

[5] ID. — PANDERING — EVIDENCE — TESTIMONY BEFORE COMMITTING MAGISTRATE.—In this prosecution for the crime of pandering by inducing, persuading, and encouraging a female person to become an inmate of a house of prostitution, there was no error in permitting the testimony of such person taken before the committing magistrate to be read in evidence upon the showing of due diligence used in the search for her, notwithstanding the absence of evidence of any inquiry directed to her husband.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley A. Visel, W. W. Judd and C. E. Bogue for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondent.

CONREY, P. J.—The information in this action was in four counts, each charging a separate crime. The defendant was found guilty on the first count alone, wherein he was accused of the crime of pandering, in that on or about the nineteenth day of May, 1922, he did willfully and

feloniously procure a female, a certain Mrs. Lundy, and feloniously did induce, persuade, and encourage said Mrs. Lundy to become an inmate of a house of prostitution. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The evidence relied upon by the prosecution consisted principally of the testimony of Mrs. Lundy and of several police officers. The errors claimed and relied upon by appellant are as follows:

1. That the court erred in refusing to instruct the jury, as requested by the defendant, concerning the manner in which the testimony of an accomplice is to be regarded, and concerning the corroboration required in order to authorize a conviction based upon the testimony of an accomplice.

2. That if the jury found as a matter of fact that Mrs. Lundy was an accomplice, her testimony was not sufficiently corroborated.

3. That the proof that the hotel, where, according to the testimony, the offense was committed, was a house of ill fame or prostitution, was not sufficient as a matter of law.

4. That the court erred in permitting the deposition of Mrs. Lundy to be received in evidence over the objection of appellant that no proper foundation had been laid.

5. That the court refused to give a number of proper instructions offered by the defense. (This fifth point will be passed without discussion, because not supported by argument in the brief for appellant.)

The crime of pandering, as defined in the statute, may be committed in several ways. It includes the case where any person shall "induce, persuade or encourage a female person to become an inmate of a house of prostitution, or shall procure for a female person a place as inmate in a house of prostitution, or as an inmate of any place in which prostitution is encouraged or allowed." (Stats. 1911, p. 9; Deering's Gen. Laws (1915 ed.), Act 865.)

"A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged

against the defendant on trial in the cause in which the testimony of the accomplice is given.'' (Pen. Code, sec. 1111.) The last sentence of this section of the code was added thereto by amendment in the year 1915 (Laws 1915, p. 760).

In support of his contention that Mrs. Lundy by her testimony placed herself in the position of an accomplice to the alleged crime, appellant sets out in his brief that part of her testimony which he deems pertinent to the question. The evidence shows that the house known as the Rex Hotel, at San Pedro, was under the personal management and conduct of the defendant. Mrs. Lundy testified that on the night of May 17, 1922, she went to this house, where she remained for about three days; that she had arrived in town that day and went to this hotel because she could not get any other room in the town; that she did not go there for the purpose of prostitution. Questioned as to the reason why she thereafter conducted herself as stated in the testimony, she said: ''Well, Mr. Brown's proposition to me that there was good money in the house, and I was not planning on staying here very long, and I just figured that I could get a few new clothes while I was there.'' She gave further testimony which, if true, shows that pursuant to the suggestions of defendant, she engaged in the business of prostitution and received the visits of several men who were sent to her room by the defendant. But on the third night of her stay there the supposed customer proved to be a police officer, who was assisted by two other officers who previously had hidden themselves in the room. After he had paid her, and she had accepted, marked money for the stated purpose, Mrs. Lundy was arrested; whereby that episode was closed.

[1] Viewed simply upon the facts, and the nature of the transaction described, it at first seems plain enough that Mrs. Lundy could not be an accomplice in the crime of pandering in a case where the pandering as charged consisted of the inducing, persuading, and encouraging of herself to become an inmate of a house of prostitution. To understand the argument for appellant one must consider the definition of an accomplice according to section 1111, together with section 31 of the Penal Code, which states what persons are principals in the commission of a crime.

It there appears, among other things, that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals. So it is argued that, according to the testimony of Mrs. Lundy, she was not a victim, but voluntarily co-operated with the defendant in the very act of inducing or encouraging herself to be and remain in the house for the stated purpose; that thereby she aided and abetted the defendant in his reciprocal act of inducing or encouraging her in the described conduct.

The leading case relied upon by appellant is *People* v. *Coffey*, 161 Cal. 446 [39 L. R. A. (N. S.) 704, 119 Pac. 901]. That was a case wherein the defendant was charged with the reception of a bribe, and it was contended that his conviction was obtained in violation of law upon the uncorroborated testimony of a self-confessed accomplice in the asserted crime. The judgment was reversed on the ground that the testimony of that person was not corroborated as required by law. The person so considered as an accomplice was one who, according to his testimony, had acted as an intermediary between the giver and the receiver of the bribe. The supreme court held that the lower court erred when it instructed the jury that upon the question whether one is an accomplice in the commission of a crime ''the final test of the question as applied to a witness in any case is, could such witness lawfully be indicted with the defendant for the offense on trial? If so, he is an accomplice within the meaning of the law. If not, he is not, and the man who gives or offers a bribe is not for that reason an accomplice of the one who receives or agrees to receive a bribe.'' It is significant that the decision in *People* v. *Coffey, supra,* was soon followed by the amendment of section 1111 of the Penal Code, which amendment we have quoted. [2] Manifestly, it was by that amendment intended to place it beyond doubt that the rule requiring corroboration of the testimony of an accomplice as specified in that section is limited to cases where there is evidence which, if true, classifies the witness as one ''liable to prosecution for the identical offense charged against the defendant on trial.''

The offense charged against appellant Brown is one which could be committed by one person, without participation of another person in the act by which the crime was perpe-

trated. In this it differs from bribery, prostitution, and various other crimes. It involves an absurdity, contrary to good sense, to say that, under the evidence in this case, Mrs. Lundy "induced, persuaded and encouraged" Mrs. Lundy to become an inmate of defendant's house, and thereby could have been held guilty of pandering, because she co-operated with the defendant when he "induced, persuaded, and encouraged" her to become such inmate. In our opinion, the court did not err in refusing to give the requested instructions relating to the corroboration required, of the testimony of an accomplice.

[3] The evidence that the Rex Hotel while under the management and control of the defendant was a house of prostitution, is sufficient. Several witnesses testified that they knew the reputation of the house and that it was reputed to be a house of that character. (*People* v. *De Martini,* 25 Cal. App. 9 [142 Pac. 898].) [4] The fact that these witnesses were police officers and that their knowledge of the reputation of the house had been obtained by them in the course of their official duties—including conversations with several persons—rather than by more general inquiry, did not make their testimony inadmissible.

[5] The testimony of Mrs. Lundy, taken before the committing magistrate, was read in evidence, as permitted by section 686 of the Penal Code, after preliminary evidence had been received which the court held to be sufficient to establish the fact that the said Mrs. Lundy could not with due diligence be found within this state. It was shown by the testimony of Mrs. Spinner that in June, 1922, Mrs. Lundy resided for a short time at the house of Mrs. Spinner, and then went to San Francisco. From a stated address at that city on the 9th of June, she wrote a letter to Mrs. Spinner. In this case a subpoena was sent to the sheriff at San Francisco, who made return that Mrs. Lundy had left said address "five months ago without paying her rent. Very bad tenant, always in trouble. Her husband is a marine in the navy, now at Mare Island, Vallejo, California." Various other efforts were made to find the witness, but without success.

Under all the facts proved concerning Mrs. Lundy, we cannot say that the court abused its discretion in determining that due diligence had been used in searching for her,

notwithstanding that there is no evidence that any inquiry was directed to her husband for the purpose of finding her. The ordinary presumption that a husband will know where his wife is living had become very unsubstantial in this instance. The question as to whether it is satisfactorily shown that a witness cannot with due diligence be found within the state is a question of fact that is addressed to the trial court, to be determined by it from evidence introduced before it, "and with the determination of that question of fact by the trial court, this court will not interfere unless the evidence thereof is such as to satisfy the court that the trial court abused the discretion confided to it in holding that due diligence had been used and that the witness could not be found." (*People* v. *Lewandowski,* 143 Cal. 574 [77 Pac. 467]; *People* v. *Trent,* 25 Cal. App. 740 [145 Pac. 541].)

Finally, we are compelled to say that our examination of the entire record in this case satisfies us that the verdict is well sustained by the evidence and that in the conviction of the defendant there has been no miscarriage of justice.

The judgment and order are affirmed.

Houser, J., and Curtis, J., concurred.