[Crim. No. 1501. Third Appellate District.—October 5, 1936.]

THE PEOPLE, Respondent, v. HENRY HARRIS, Appellant.

James F. Gaffney, Horace E. Dunning and Henry Harris, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted of robbery of the first degree and sentenced to imprisonment in the state prison at Folsom for the term prescribed by law. He has appealed from the judgment. Only one question is presented on this appeal. ■ It is contended the court erred in permitting the reading to the jury of testimony of the prosecuting witness which was taken at the preliminary examination of the case, without first requiring adequate proof of due diligence on the part of the district attorney to secure the presence of the witness. It is asserted the admission of this evidence, under the circumstances of this case, was a violation of the provisions of section 686 of the Penal Code, which entitle the accused person to be confronted with the witnesses against him. It is claimed the defendant was prejudiced by the absence of the prosecuting witness in this case.

We are of the opinion the court did not err in permitting the reading to the jury of the testimony of the prosecuting witness which was taken at the preliminary hearing, under the circumstances of this case, since it appears that due diligence was exercised by the district attorney to procure the attendance of the witness, who could not be found.

The record shows that the prosecuting witness John Hill was a horse trader. He had no fixed habitation. The preliminary examination was twice continued before his presence was secured at that hearing. The defendant was present at that hearing represented by the same attorneys who appeared at the trial of the cause. The defendant was then confronted by the prosecuting witness, who was cross-examined at great length by his attorneys. Chiefly upon his evidence the defendant was held for trial in the superior court. The cause was first set for trial in the superior court for March 31, 1936. Upon adequate showing therefor, the trial was continued to April 7, 1936, on account of the absence of the prosecuting witness. On what we deem to be adequate proof of diligence on the part of the district attorney to procure the presence of this witness, over the objection of the defendant, the testimony of Hill, which was taken at the preliminary hearing, was read to the jury at the trial of the case.

The showing of diligence consists of the following evidence: At the time of the preliminary examination the witness

Hill gave his address as Rio Vista; eleven days before the day upon which the case was first set for trial, a subpoena was issued for the witness; it was placed in the hands of a county detective, who promptly went to his designated address at Rio Vista, but found that the witness had gone without leaving his address; since the man was a horse trader, inquiry was made to discover his whereabouts from all horsemen in that vicinity; the officer personally inquired for him at Isleton, Broderick and up and down the Sacramento River from Sacramento to its mouth; it was ascertained he had been in a Portuguese horse-trading camp near Rio Vista, and that he had left with a man by the name of Claudia for either Yolo or Butte County; inquiry was promptly made for both Hill and Claudia in and about Oroville, Woodland, Dixon, Vacaville and Fairfield; information that Hill had been seen in Butte County led to inquiry there which resulted in the discovery that the party in question was not the witness sought; assisted by the officers of these various counties, search was prosecuted for the witness in all those counties and inquiry for him was made in every horse-trading place of business; foreign subpoenas were issued for the witness to Solano, San Joaquin, Yolo, Butte, San Francisco and Sonoma Counties and returned unserved; search for him was renewed up and down the Sacramento River, at Courtland, Hood, Thornton, Franklin and every place where it was thought he might be found; all information regarding his whereabouts was traced in vain; many officers searched for him over a period of about eighteen days; he could not be found. This is a sufficient showing of diligence to authorize the reading to the jury of the testimony of the prosecuting witness taken at the preliminary examination. This is a sufficient compliance with the requirements of section 686 of the Penal Code which provides that:

"In a criminal action the defendant is entitled, . . .;

"(3) To produce witnesses on his own behalf and to be confronted with the witnesses against him, in the presence of the court, *except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by*

*counsel, cross-examined or had an opportunity to cross-examine the witness; . . .*"

The preceding section authorizes the reading of the entire examination of a witness taken at a preliminary hearing of the case when it satisfactorily appears at the trial that after due diligence has been exercised for the discovery of his whereabouts the witness cannot be found in the state. (8 Cal. Jur. 125, secs. 214, 215.) The question as to what constitutes due diligence to secure the presence of a witness which will authorize the reading to the jury of the testimony of an absent witness which was taken at the preliminary hearing of the case is largely within the discretion of the trial court, and depends upon the facts of each particular case. The decision of a trial judge upon the question of diligence resulting in either receiving or rejecting such evidence will not be disturbed on appeal unless it appears there was a clear abuse of discretion in that regard. (8 Cal. Jur. 129; *People* v. *Lewandowski,* 143 Cal. 574 [77 Pac. 467]; *People* v. *Noone,* 132 Cal. App. 89 [22 Pac. (2d) 284]; *People* v. *Fay,* 82 Cal. App. 62 [255 Pac. 239].) There is substantial evidence in the present case supporting the determination of the trial court that due diligence was exercised to secure the presence of the prosecuting witness at the trial.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.