[Crim. No. 3640.   Second Dist., Div. One.   Jan. 14, 1943.]

THE PEOPLE, Respondent, v. CHARLES AUSTIN CENTERS et al., Defendants; FORREST E. WILSON, Appellant.

Dana Ong and William G. Kenney for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellant was charged by an information with the crime of robbery, together with a prior conviction of the same offense. He admitted the prior conviction and the jury found him guilty of robbery of the first degree. From the judgment of conviction which followed, and from the order denying his motion for a new trial, he prosecutes this appeal.

Apparently appellant does not question the sufficiency of the evidence to sustain his conviction, but relies upon alleged errors of the trial judge in connection with the admission of evidence which, he contends, were so prejudicial to his cause as to require a reversal of the judgment:

1. That the admission and reading of the testimony of the witness Salvatore as given at the preliminary hearing was illegal in that no proper foundation was laid to comply with section 686 of the Penal Code;

2. That the admission of the testimony of a police officer as to the purported confession made by defendant Teague was illegal and a subterfuge to get it before the jury, there being a question as to its free and voluntary character.

The evidence adduced at the trial herein reveals that about 1:30 o'clock on the morning of Monday, March 16, 1942, three men armed with revolvers entered through the rear door of the Tam O'Shanter Inn in the city of Los Angeles. The inn had closed for the night and there remained on duty only the night manager, Scheid, and four employees, to wit: Albert Ifft, Walter Salvatore, John Schneider and Anton S. Weidemeier. Manager Scheid testified that when the three men armed with revolvers entered the place, he turned and faced them and looked directly at defendant Centers, who said: "This is a holdup"; and that defendant Teague was standing behind Centers and appellant Wilson was standing "back over by the entrance to the dining room." They first forced Scheid and the four employees to lie on the floor in the rear kitchen and then forced Scheid to open the safe in the office from which they extracted approximately $1,700 in checks, currency and coins.

Appellant sought to establish an alibi by the testimony of his mother and his aunt to the effect that he was not present at the robbery but was at home in bed at 1761 Whitefield Road, Pasadena, California, a distance of from seven to ten miles from the scene of the crime. However, appellant was positively identified as a participant in the robbery by manager Scheid who, in answer to the question, "When did you see Wilson?", testified: "Well, I saw him the first time when I went into the kitchen and when I came back I passed him and then when I came out again I saw him standing over the boys." This witness subsequently identified and "picked out" Wilson from a police showup line. Appellant was also positively identified by the witness Weidemeier as having participated in the robbery armed with a revolver. The witness Schneider testified he was not sure but that appellant resembled one of the men who took part in the crime.

The testimony of Walter Salvatore, an employee of the Tam O'Shanter Inn, which was given at the preliminary hearing and read at the trial over appellant's objection, is the subject of appellant's first assignment of error: That the requirements of section 686 of the Penal Code that the witness "cannot with due diligence be found within the state," were not satisfied.

"It is within the discretion of the trial court to determine

what showing of diligence to find a witness within the state is sufficient to authorize the admission of his testimony [given] at the preliminary examination . . . and its action, like its decision upon any other question of fact, will not be disturbed upon appeal unless its discretion is abused; that is, unless it appears that the evidence is insufficient to support the finding of due diligence.

"The term 'diligence' is a relative term incapable of exact definition and depends upon the circumstances of each case with all their distinct and varying phases and bearings. . . . Anything which will reasonably satisfy the court of the absence of the witness and that he is not likely to return within its jurisdiction may be admitted." (8 Cal.Jur. 129, 130, and authorities there cited.)

In the instant case the prosecution showed that prior to the trial a process server went to the places where Salvatore said he worked and lived at the time of the preliminary hearing. He had left both places without leaving forwarding addresses, and no one questioned at either place knew anything about his friends or his whereabouts. The process server also inquired at the Tam O'Shanter Inn and received two addresses in Glendale. Salvatore was known at each address, but he had gone without leaving a forwarding address at either place. At the suggestion of appellant, the process server then visited various unions trying to locate Salvatore but without success; likewise, he unsuccessfully checked the postoffice for forwarding addresses for approximately seven addresses. In addition, the employee Schneider testified he was a friend and former roommate of Salvatore's; that although formerly he had seen Salvatore every few days, he had not seen him for a month and a half before the trial; that since then he had tried to find Salvatore, but was unable to locate anyone who knew of his whereabouts. This was sufficient evidence to support a finding of diligence.

Moreover, the testimony of the witness Salvatore is corroborative of the testimony of night manager Scheid and the employee Weidemeier to the effect that appellant, armed with a revolver, escorted the several employees into the rear kitchen of the inn and stood guard over them while they were lying on the floor during the time said night manager Scheid was being forced by the other two defendants to open the safe. As result, its admission was not prejudicial to appellant's cause, as is contended, but was entirely harmless.

With respect to the admission of a conversation pur-

porting to be a confession made by defendant Teague, this was offered "only as to the defendant Teague with whom the conversation took place." Whereupon the court instructed the jury as follows: "Ladies and gentlemen, the district attorney has stated that he is offering this evidence as to the defendant Teague only, and it can only be considered against the defendant Teague." It must be assumed that the jury followed the court's instructions on this point in arriving at their verdict. At any rate, its admission was not injurious or prejudicial to appellant's cause.

For the reasons stated, the judgment and order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.