[Crim. No. 4578.   In Bank.   Nov. 14, 1944.]

THE   PEOPLE,   Respondent,   v.   ALFRED   CAVAZOS,
Appellant.

Gerald J. Kenny, Public Defender, and Abraham M. Dresow, Assistant Public Defender, for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SHENK, J.—This is an automatic appeal under section 1239 of the Penal Code. Defendant, whose counsel has filed a brief on the appeal, was charged by an information filed by the District Attorney of the City and County of San Francisco with the murder of Adam Wondras, on April 5, 1944. This information also charged defendant with the conviction of a prior felony. A second information charged the defendant with the crime of robbery, a felony. Defendant admitted the prior conviction and entered pleas of not guilty and not guilty by reason of insanity to the murder and robbery charges. He was tried before a jury and was convicted of murder in the first degree, without recommendation, and of robbery in the first degree. The jury which found him guilty also found him sane at the time of the commission of the offenses.

The record discloses the circumstances surrounding the homicide.

Adam Wondras, the owner and operator of a jewelry store at 1010a Market Street, San Francisco, was shot in his store at about 7:30 p.m. on April 5, 1944. The bullet entered his left eye and passed through his brain, lodging in the second cervical vertebra. He was dead upon arrival at the hospital. One witness testified that she entered the store of deceased and saw the defendant there; that after she left the store no other person entered it; that she heard a shot and saw defendant leave the premises. Another witness testified that he saw the defendant inside the store, saw him fire a shot, and observed defendant's subsequent flight and capture. Other witnesses testified to the presence of defendant in the store immediately before and after the shooting, of his flight from the scene, of his firing a shot at the pursuing crowd, and of his capture by three members of the military police several blocks away. One of the military police testified that after a command to do so, defendant dropped his gun at the time of

his capture. There was also evidence that just prior to defendant's leaving deceased's store, he stole articles of jewelry from the window of the store. After his arrest, two rings, the property of deceased, were found in a pocket of defendant's jacket, together with five unused bullets. The defendant took the witness stand in his own defense, and testified that he purchased the gun on the day before the shooting; that he was intoxicated at the time he entered the store of Mr. Wondras; that he entered for the purpose of buying a ring; that deceased swore at him and accused him of having no intention of buying a ring; that deceased grabbed something from the shelf and threw it at defendant, striking him in the eye; that deceased threatened to shoot defendant, and bent down; that defendant thought he was reaching for a gun, so shot him; that he ran, describing the route taken; that he fired a shot to keep the crowd back; admitted possession of the gun at the time of his arrest, and that the officers removed the two rings from his pocket. There are other circumstances connecting defendant with the homicide, but in view of his admission that he fired the shot, we need not specify them. Defendant does not challenge the sufficiency of the evidence to support the verdict.

Defendant charges that the court erred in permitting the prosecution to read the testimony of the witnesses Lt. Letts and Cal Corbin, members of the armed forces of the United States, which testimony was given by them at the preliminary hearing of the defendant, on the ground that the proper foundation for the reading of their testimony was not established.

In this connection the record shows that Harry Husted, an inspector of the San Francisco Police Department, received subpoenas to serve on these two witnesses; that he consulted the military authorities who stated that Lt. Letts had been sent to a point in the southeast, outside the jurisdiction of the State of California; that he consulted naval authorities who stated that Cal Corbin was at sea and without the jurisdiction of the State of California, and that neither man was in California. At the trial the defendant offered no objection to the reading of the testimony given at the preliminary examination, nor to the claimed insufficiency of the foundation laid for such reading.

The question of what constitutes due diligence to secure the presence of a witness which will authorize the read-

ing to the jury of testimony taken at the preliminary hearing of the case, is largely within the discretion of the trial court, and depends upon the facts of each particular case. The decision of a trial judge on the question of diligence and of the propriety of receiving or rejecting the evidence will not be disturbed on appeal unless it appears that there was an abuse of discretion. (*People* v. *Lewandowski*, 143 Cal. 574 [77 P. 467]; *People* v. *Harris*, 16 Cal.App.2d 701 [61 P.2d 348]; *People* v. *Noone*, 132 Cal.App. 89 [22 P.2d 284]; *People* v. *Fay*, 82 Cal.App. 62 [255 P. 239].) The problem is primarily for the trial court, and its solution will not be disturbed if there is evidence of substantial character to support its conclusion. (*People* v. *Noone, supra; People* v. *Hewitt*, 78 Cal. App. 426 [248 P. 1021]; *People* v. *Lederer*, 17 Cal.App. 369 [119 P. 949].)

In this case no abuse of discretion is shown. The two witnesses whose testimony was read were in the armed forces of the United States, and upon receiving information from the military and naval authorities that they were without the jurisdiction of the court, it would have been an idle act to require further inquiry or search in this state.

The defendant's testimony that he was intoxicated when he entered the jewelry store is unsupported except by his own statement that, "I think I was drunk." This statement, however, is entitled to little weight in view of the details related by him as to what occurred while he was in the store. The jury was entitled to conclude that by reason of those recitals at length he was cognizant of everything that took place. Moreover, it is settled that voluntary intoxication is neither an excuse for nor a defense to crime. (*People* v. *Hill*, 22 Cal.2d 863, 866 [141 P.2d 418].)

Three alienists appointed by the court examined defendant, and testified that in their opinion he was sane at the time of the commission of the crimes and fully aware of the nature of his acts. The jury found in accordance with this evidence.

A reading of the record in this case discloses that defendant was not deprived of any substantial right and that his interests were fully protected by his counsel and the court throughout the course of his trial.

The judgment and the order denying a motion for a new trial are affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.