[Crim. No. 4613. In Bank. May 1, 1945.]

THE PEOPLE, Respondent, v. MANUEL NINO DIAZ, Appellant.

Charles H. Vance for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SHENK, J.—The defendant was adjudged guilty of murder of the first degree and was sentenced to suffer the extreme penalty. The appeal in his behalf is under the automatic provisions of section 1239 of the Penal Code.

The defendant, who stated his true name to be Manuel Nino

Diaz Camargo, was charged by an information filed by the District Attorney of San Joaquin County with the crimes of kidnapping, rape and murder of Beatrice Martinez, a child about four and a half years of age. The count charging rape was dismissed on the motion of the district attorney on the ground of "insufficiency of the evidence to establish fully the crime as charged." The defendant was represented by counsel appointed by the court. He pleaded guilty to the kidnapping and the murder of the child.

 The court took the testimony of the defendant and the autopsy surgeon to determine the degree of the crime.

The defendant stated that he committed the acts to which he entered pleas of guilty, but that when he did it he did not "think he knew exactly what he was doing." He said that he had been drinking on the day of the crime; that "he was so drunk that he felt so funny inside of himself, something desperate, and he was willing to kill somebody, there was nobody else but the girl so he killed the girl and then he carried the girl to the place where he buried her." He testified that he took the girl from her home to his car, which was parked in the back yard, and that that was where he killed her.

The autopsy surgeon testified that the child died from strangulation; that the two lower incisor teeth had been knocked loose; that it was not usual for a child of that age to lose such teeth normally; that there was an ante-mortem puncture of the hymen; that the opening of the vagina was very definitely bruised; that there was a very deep perineal tear and that it must have been done just prior to death. The defendant was not sentenced on the kidnapping count.

First degree murder is defined by section 189 of the Penal Code as "All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, is murder of the first degree; . . ." In this case the court could properly conclude that the homicide was of the first degree in that it was committed in an attempt to commit rape, a crime with which he was not charged. (*People* v. *Brown*, 22 Cal.2d 752, 755 [141 P.2d 1].)

The defendant's statement that he had been drinking excessively on the day of the crime and that he did not know

what he was doing was not sufficient to require a different judgment. He was able to describe the events preceding the crime, the place and manner of killing the girl, and the details of his disposal of her body. The court was entitled to conclude from the evidence that he was legally responsible for the commission of the crime. (See *People* v. *Cavazos,* 25 Cal. 2d 198 [153 P.2d 177].)

The judgment is affirmed.

Gibson C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.