[Crim. No. 4312. Second Dist., Div. Two. May 4, 1949.]

THE PEOPLE, Respondent, v. WILBUR KENNEDY STEWART, Appellant.

Paul E. Tapley for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was tried by a jury, was found guilty of burglary in the second degree and was sentenced to the state prison. This appeal is from the judgment of conviction.

As ground for reversal defendant asserts that the court erred in admitting the testimony of the witness Otis Baisley given at the preliminary hearing, no foundation having been laid therefor.

Section 686 of the Penal Code provides that the testimony taken at a preliminary examination may be introduced at the trial upon its being satisfactorily shown to the court that the witness cannot with due diligence be found within the state and provided the defendant cross-examined or had the opportunity to cross-examine the witness.

It is within the discretion of the trial court to determine whether or not sufficient diligence has been exercised in endeavoring to locate a witness within the state to authorize the admission of his testimony given at the preliminary hearing. The question depends upon the facts of each particular case and in the absence of a showing of abuse of discretion the decision of the trial court will not be disturbed on appeal. (*People* v. *Cavazos,* 25 Cal.2d 198, 201 [153 P.2d 177]; *People* v. *Centers,* 56 Cal.App.2d 631, 634 [133 P.2d 29]; 8 Cal.Jur. 129, 130 and cases cited.)

In the instant case the process server testified that he called at Baisley's place of employment and the residence of his former employer; that he also called at Baisley's residence, where he resided with his aunt, and that the aunt stated she thought he had left the state; that he inquired of the witness' neighbors and checked the post office for a forwarding address, the jails and the county hospital; that such inquiries produced no information concerning Baisley's whereabouts.

It is obvious that there is substantial evidence to support a finding that the witness could not with due diligence be found within the state. Moreover, it is apparent from the record that there is sufficient evidence to sustain the judgment of conviction exclusive of the testimony of the witness Baisley and that his evidence was merely cumulative.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.