[Crim. No. 4669.   Second Dist., Div. Two.   Oct. 24, 1951.]

THE PEOPLE, Respondent, v. MARVIN HOWARD GLICK,
Appellant.

Morris Lavine for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before the court without a jury defendant was found guilty of two counts of assault with a deadly weapon with intent to commit murder. From the judgment defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent) discloses:

On December 2, 1950, defendant fired a pistol at his wife and her daughter by a previous marriage, intending to kill them.

*Questions:* First: *Is the evidence sufficient to sustain the findings that defendant (1) perpetrated an assault, (2) used a deadly weapon, (3) had malice aforethought, and (4) an intent to kill?*

*Yes.* Mrs. Glick and her daughter testified that as they were approaching their home at about 11:30 p. m. on the night of December 2, 1950, they saw defendant in a taxicab, and as they started to cross the street the cab drove up in back of them and they saw defendant point a gun at them. As they started to run for safety Mrs. Glick looking over her shoulder saw the flash of gunfire. She hid behind a brick wall and her daughter behind a lamppost. When the shooting stopped the cab drove away.

Thereafter defendant was apprehended and had in his possession a revolver which had been recently discharged. Upon being questioned by the arresting officers defendant denied that he fired the gun or had been near the site of the shooting.

In addition, Mrs. Glick testified that she was separated from her husband and that on prior occasions he had threatened to kill both her and her daughter, and on one occasion he took a butcher knife and said, "I am going to kill you all."

Clearly the foregoing evidence sustained the trial court's implied finding of each of the questioned elements set forth above.

(1) and (2). The witnesses testified that defendant fired a revolver at them. Clearly this sustains the finding that defendant perpetrated an assault with a deadly weapon. *People* v. *Sylva,* 143 Cal. 62 [76 P. 814], and *People* v. *Raner,* 86 Cal.App.2d 107 [194 P.2d 37], are not here in

point for in such cases the trier of fact found that the guns were unloaded.

(3) and (4). The statements made by defendant to his wife and her daughter that he would kill them, plus his act in going to their home and shooting at them, distinctly supported the findings of malice aforethought and an intent to kill them. (See *People* v. *Bradley,* 71 Cal.App.2d 114, 120 [8] [162 P.2d 38].)

■ Second: *Was there sufficient preliminary showing that the requirements of section 686 (3) of the Penal Code had been complied with to permit the reception in evidence of the testimony at the preliminary hearing of the driver of the cab from which defendant fired the shots?*

*Yes.* The record discloses that on January 4, 1951, a process server from the district attorney's office received a subpoena for Robert George Allen, the driver of the cab in which defendant was riding at the time of the incident above related. On January 20, 1951, the process server went to the offices of the Yellow Cab Company, who had been Mr. Allen's employer, and was informed he. had left their employ on January 17, 1951; on the same day he went to Mr. Allen's place of residence and was informed that he had moved. The landlady told the process server Mr. Allen had left about two weeks before, that several people had been looking for him but she did not know where he was. The process server then went to the Registrar of Voters, whose records indicated he was not a registered voter. An inquiry was put through the post office department and the report was received that there was no record of him. The records of the county hospital were checked and it was found that no Robert George Allen was listed, and the records of the county and city jails also disclosed he had never been booked at either. A check of the retail credit association resulted in a showing he had no accounts with the large department stores in Los Angeles.

On three different occasions the process server returned to the Yellow Cab Company only to learn that Mr. Allen had not returned to work. The same result was received upon questioning his former landlady. He also interviewed numerous cab drivers, none of whom knew where the witness could be located.

The foregoing testimony is clearly ample to support the trial court's finding that there had been sufficient compliance with the requirements of section 686 (3) of the Penal Code

to permit the introduction of the questioned testimony. (*People* v. *Stewart*, 91 Cal.App.2d 675, 676 [1-2] [205 P.2d 412].)

Third: *Should this court reduce the judgment to a conviction of firing a pistol on a public highway, a violation of section 374(c) of the Penal Code?*\*

*No.* The evidence in the record fully sustains defendant's conviction on the counts with which he was charged. There are no extenuating circumstances which would justify this court in reducing the offenses to a lesser one.

Affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 19, 1951.

\*Section 374(c) of the Penal Code reads: "Every person who shoots any firearm from or upon a public road or highway is guilty of a misdemeanor."