[Crim. No. 3061.   Third Dist.   Sept. 12, 1960.]

THE PEOPLE, Respondent, v. MERDESE MARSHALL, Appellant.

Hermann E. Lorenz, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Respondent.

PEEK, Acting P. J.—Defendant Marshall, together with his codefendants, Glen Fobbs and Charles Latimer, were jointly charged with the crime of robbery. Marshall alone appeals from the judgment of conviction and from the order of the trial court denying his motion for a new trial. Two contentions are made on appeal: (1) that his waiver of a trial by jury was not in accordance with the requirements of article I, section 7 of the California Constitution; and (2) that the court erred in permitting the testimony given by the complaining witness at the preliminary hearing to be read into evidence at the trial. It is the conclusion of this court that both contentions are without merit.

The pertinent portions of the minutes of the superior court at the time of defendant's arraignment before the Honorable George F. Buck, Judge, show that the defendant ". . . in person waived a trial by a jury and requested that his trial be heard before the Court sitting without a Jury; . . ." The case thereafter came on for trial before the Honorable M. G. Woodward, Judge. On motion of the district attorney, the information against Fobbs was dismissed and the case proceeded to trial against the defendant Marshall alone. At the conclusion, the court found the defendant guilty as charged

and determined the offense to be robbery in the first degree. Defendant's motion for a new trial was denied and this appeal followed.

The defendant's argument in support of his first contention, that his waiver of a trial by jury was not proper, is predicated upon the following colloquy between the court and himself:

"THE COURT: I note from the record here that Marshall has personally waived a jury trial. Is that true, Mr. Marshall?

"THE DEFENDANT MARSHALL: I beg your pardon?

"THE COURT: I note from this record you heretofore waived a jury trial personally. You want the Court to try it sitting without a jury, is that true?

"THE DEFENDANT MARSHALL: That was my expression at the time I requested that, at the time.

"THE COURT: Very well."

It is defendant's contention that if a valid waiver existed at the time of his arraignment it was set aside by the above-quoted comments of the defendant and the court which, he contends, in effect reopened the question of waiver. In *People v. Sears,* 138 Cal.App.2d 773, 793-794 [292 P.2d 663], a similar situation was presented. ▮▮ There the court, holding that such a contention was without merit, stated: "Appellant's contention seemingly is that the waiver must be made before the particular judge to whom the case is assigned for trial. This is not the law. . . . 'It cannot be contended that another waiver was required when the matter was sent out for trial. The Superior Court is not divided into separate and distinct departments. Jurisdiction is vested by the Constitution in the court, not in a particular judge or department. The Constitution further provides that there may be as many sessions of the court as there are judges. The division into departments is for the convenient dispatch of business. Whether sitting separately or together, the judges hold but one and the same court.

" 'A transfer from one department to another is not a transfer of the jurisdiction of the cause which remains at all times in the court as a single entity.

" '*Thomasian* v. *Superior Court,* 122 Cal.App.2d 322, 331-332 [265 P.2d 165];

" '*People* v. *Barbera,* 78 Cal.App. 277, 279 [248 P. 304].' Appellant's contention lacks substance here."

▮ Even if the waiver was not in strict compliance with the specific constitutional provisions, as the minutes of the court indicate, it is the rule that ". . . if the defendant unequivocally expresses his waiver of a jury trial in the presence

of his counsel and his counsel thereafter continues to represent him throughout the trial without indicating any objection, then his counsel has in effect joined in the waiver.'' (*People* v. *Brooks,* 154 Cal.App.2d 631, 634 [316 P.2d 435]; see also *People* v. *Noland,* 30 Cal.App.2d 386, 388 [86 P.2d 363].)

Defendant's second contention is likewise without merit. At the time of the trial the complaining witness, Calvin A. Poler, who had testified at the preliminary hearing, was not present. Officer Dowart of the Stockton Police Department testified that he had received a subpoena for service upon Poler, but had been unable to locate him. The officer further testified that he had talked to several acquaintances of Poler; that he had made inquiry concerning his whereabouts at numerous named hotels and bars, which Poler was known to frequent; that he had checked both the city directory and the telephone directory and Poler was not listed in either; and that he had obtained no information concerning Poler's present whereabouts, other than that he had left the city. The officer also testified that Poler, who was an itinerant farm laborer of Indian extraction, had indicated the desire to return to his reservation. However, when Dowart informed him of the date of the trial and requested his attendance, he assured the officer he would not leave until after the trial and that he would appear on the date set.

On the showing so made, the prosecution moved for permission to read into evidence the testimony given by Poler at the preliminary examination, which motion was granted.

He testified to the effect that while walking along the street in Stockton he was attacked by three men, only one of whom, the defendant Latimer, could he identify. As a result of the attack he was knocked unconscious, received a severe laceration on one ear, which necessitated several stitches, and had an arm broken. Shortly after the attack a police officer arrived and took him to a nearby café where he identified Latimer as one of his attackers. He was also asked if he could identify Marshall and Fobbs, who were found at the same café, but he was unable to do so.

■ It is well settled that the question of due diligence is a matter within the discretion of the trial court and is primarily dependent upon the facts of each particular case. Absent a clear showing of abuse of discretion, the determination of the trial court will not be disturbed on appeal. (*People* v. *Cavazos,* 25 Cal.2d 198 [153 P.2d 177].)

It has also been held, as stated in respondent's brief, that: "Among the facts and circumstances to be considered in determining the issue of due diligence are: (1) the length of time during which efforts were made to find the witness; (2) the importance of the testimony of the particular witness (*People* v. *Wohnon*, 61 Cal.App.2d 782, 786 [144 P.2d 100]); (3) whether or not the appellant was restricted in his exercise of his right to the cross-examination of the witness at the preliminary examination upon all issues concerning which said witness gave testimony (*People* v. *Hermes*, 73 Cal.App. 2d 947, 955-956 [168 P.2d 44]); (4) whether or not there was sufficient evidence at the trial to sustain the judgment of conviction exclusive of the testimony of the witness (*People* v. *Stewart*, 91 Cal.App.2d 675 [205 P.2d 412]; *People* v. *Thomas*, 100 Cal.App. 82, 83-84 [279 P. 826]); (5) whether or not the testimony given by such witness was but cumulative of that given by other witnesses (*People* v. *Stewart*, 91 Cal. App.2d 675 [205 P.2d 412]); (6) whether or not there was a showing that the testimony in question would have been different if the absent witness had been present at the trial or that evidence of an impeaching character had materialized since the preliminary examination (*People* v. *Barnett*, 77 Cal. App.2d 299, 303 [175 P.2d 237]; *People* v. *Bernstein*, 70 Cal.App.2d 462, 468-469 [161 P.2d 381]); and (7) whether or not, upon examination of all the evidence, it can be fairly concluded that the admission of such testimony was not prejudicial but on the contrary was entirely harmless, and that, therefore, there has been no miscarriage of justice (*People* v. *Centers*, 56 Cal.App.2d 631, 634 [133 P.2d 29]; *People* v. *Brown*, 61 Cal.App. 748, 753-754 [216 P. 58])."

When the record before us is measured by the previously noted rule, it appears that the prosecution's search to find Poler was as exhaustive as could be expected. Furthermore, the testimony of Poler was not essential to a conviction. He could not identify the defendant as one of the three who attacked him; he could only identify his wallet, which Marshall had in his pocket shortly after the attack. The identification of Marshall as one of the assailants and as the one who took Poler's wallet from his pocket, after he was struck by Latimer and lying helpless on the ground, was obtained through testimony of other witnesses.

Under such facts and circumstances it cannot be said that the court abused its discretion in allowing the testimony of

the witness given at the preliminary examination to be read to the jury at the trial in the superior court.

The judgment and order are affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.