[Crim. No. 7442.   Second Dist., Div. Two.   Oct. 2, 1961.]

THE PEOPLE, Respondent, v. RUBEN CRUZ PREZAS et al., Defendants; MARIE REYEZ, Appellant.

Elinor Chandler Katz for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant Marie Reyez appeals from judgment of conviction of possession of narcotics (Health & Saf. Code, § 11500). She and Ruben Cruz Prezas were jointly charged in the information and were tried together, Reyez being convicted and Prezas acquitted.

Appellant's counsel argues fatal error in that "[t]here was no waiver of a jury trial by the appellant Reyes and no stipulation entered into between the parties that the case in chief be submitted on the preliminary transcript." Relying upon the rule that waiver of jury trial must be expressed in words by defendant as well as his attorney, and cannot be implied from a defendant's conduct (*People* v. *Holmes,* 54 Cal. 2d 442 [5 Cal.Rptr. 871, 353 P.2d 583], counsel points to the reporter's transcript which makes no mention of the subject.

The clerk's transcript shows that the cause was set for trial on August 10, 1960, in department 104 of the superior court. On that day the minutes state that said defendant and her counsel, James S. Fitzpatrick, were present when the cause was called for trial and "[t]he defendant(s) personally and all counsel waive jury trial. By stipulation of all counsel the cause is submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, subject to this Court's rulings, with each side reserving the right to offer additional evidence, and all stipulations entered into at the preliminary hearing be deemed entered into in these pro-

ceedings.'' People's Exhibit 1 was introduced for identification and due to congested calendar the case was transferred to department 100 ''forthwith for further proceedings.'' On the same day the minutes of department 100 record the presence of appellant and her attorney and repeat the language just quoted from the minutes of department 104, adding thereto: ''It is further stipulated that all exhibits received at the preliminary hearing are received in evidence in these proceedings, subject to this Court's rulings.'' These minutes were prepared upon a printed form in each instance and the matter above quoted concerning waiver of jury is in the printed part of the form, not typewritten or handwritten.

In the cited case of *People* v. *Holmes,* 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583], the court said, in part: ''Defendant did not express in words a waiver of his right to a jury trial, and it has been uniformly held that the waiver must be so expressed and will not be implied from a defendant's conduct.'' (P. 443.)

Upon a record somewhat similar to the one at bar the court held in *People* v. *Washington,* 95 Cal.App.2d 454 [213 P.2d 70], that there was a conflict in the record, in that the reporter's transcript showed no vocal assent to waiver upon the part of defendant Washington, and the clerk's minutes said: ''Trial by jury is waived by the defendants and all counsel,'' thus including Washington. The court held there was no clear showing of a personal waiver by that defendant and reversed his conviction, remanding the cause for a new trial.

Being in doubt as to the sufficiency of the present transcript to show whether appellant did personally waive a jury, we on our own motion ordered a reporter's transcript of the proceedings had in department 104 and its filing herein as augmentation of the record. That transcript has been received and it shows defendant Reyez and her attorney both expressly joined in a waiver of a jury trial. Of course, a waiver made in department 104 is as effective as if voiced in department 100 where the trial was had (*People* v. *Sears,* 138 Cal. App.2d 773, 793 [292 P.2d 663] ; *People* v. *Marshall,* 184 Cal. App.2d 535, 537 [7 Cal.Rptr. 589]).

The same transcript discloses a stipulation for submission upon testimony taken at the preliminary examination, ''the Court to read and consider the transcript thereof with the same force and effect as though the witnesses who testified there testified here under oath, it may be deemed that they did

so testify. Any stipulations entered at the preliminary hearing may be deemed to have been entered into here. People's Exhibit 1 entered into evidence in the court below to be received as People's 1 in evidence here, reserving the right to both sides to introduce such additional evidence as the Court deems proper.''

Appellant's further claims that there is insufficient showing of possession by appellant of the heroin received in evidence and that it was obtained through an illegal search and seizure are equally lacking in merit, as will appear from the following résumé of the evidence favorable to respondent (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]).

On the night of the arrest, May 21, 1960, police officer M. E. Pearse and another officer went to the Huntington Hotel at 752 South Main Street, in Los Angeles, in answer to a radio call, ''a woman down at that location.'' There they found defendant Reyez seated in a chair ''in a coma or in an unconscious condition''; her pupils were contracted; given a light accommodation test there was little or no reaction to light; she had on short sleeves and Officer Pearse noticed numerous needle marks on the back of her hand and arms. On the basis of adequate experience he expressed the opinion she was under the influence of narcotics. She was unable to talk much. The desk clerk said she had checked into room 404 of that hotel with a man. It was stipulated that Mr. Frederick W. Gross, if called and sworn, would testify that he was the night clerk on duty; that in the early morning hours the two defendants came into the hotel, defendant Reyez registered for a room and he assigned them one; Prezas was with her and appeared to be half drunk; the two of them went upstairs. Later Reyez came downstairs, left and came back, sat down in one of the chairs and appeared to pass out or go to sleep; that he was unable to waken her and so he called the police. Officer Pearse further testified that after talking with the clerk he and his partner went to room 404, the door was partly open, about 2 feet, and Prezas was lying on the floor in shorts. He was also under the influence of narcotics according to the officer's opinion. The two of them went into the room and searched it, finding two bindles of narcotics in the dresser and two needles and an eye dropper on the dresser top, also some 20 to 30 capsules containing some sort of powder (which later proved to be heroin). Prezas said the room was his, registered to him, and everything in it was his except the narcotics and he did not know whose it

was. At the trial he testified that Reyez rented the room, not he, and he was completely drunk. Also that he had no heroin in his possession and knew nothing about it. Defendant Reyez, in the lobby, told the officers she was not drunk but high; that she used narcotics but had her last fix two weeks before that; also that Prezas was her friend, drunk, and she took him there so the police would not get him. She testified that she took him to the hotel to get him off the street; she signed ''Mr. and Mrs.'' and took him upstairs; also that she saw no narcotics in the room and knew of none; that she had been taking Seconal pills to relieve withdrawal pains and no heroin on that occasion. The trial judge in deciding the case remarked: ''It was the defendant Reyez' room. I am satisfied she was under the influence of heroin at the time, and obviously she got it in the room.''

Defendant's story having been rejected by the trial court (see *People* v. *Matlock*, 51 Cal.2d 682, 695 [336 P.2d 505]), the evidence amply sustains the finding that appellant had possession of the narcotic, for exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence (*People* v. *Flores*, 155 Cal.App.2d 347, 349 [318 P.2d 65]; *People* v. *Van Valkenburg*, 111 Cal.App. 2d 337, 340 [244 P.2d 750]; *People* v. *Bagley*, 133 Cal.App.2d 481, 485 [284 P.2d 36]).

Nor was there any unlawful search and seizure. The officers had reasonable cause for entering the room and after so doing to search, especially as some of the contraband was visible on top of the dresser (see *People* v. *Aleria*, 193 Cal. App.2d 352 [14 Cal.Rptr. 162]).

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.