[Crim. No. 1569. First Appellate District, Division Two.—May 7, 1930.]

THE PEOPLE, Respondent, v. O. W. DeVAUGHAN, Appellant.

Clarence W. Morris, James Allyn Myers, H. L. Richardson and Granville T. Burke for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—By information the district attorney charged O. W. DeVaughan with having committed (1) a conspiracy to commit an abortion, (2) a conspiracy to commit a violation of section 21 of the Juvenile Court Law and (3) that this defendant alone violated said section. The defendants pleaded not guilty. They were tried before the court sitting with a jury. The court advised the jury to acquit. The jury did not do so, but returned a verdict finding McCoy guilty on the second count and DeVaughan guilty on the first and second counts. Each moved for a new trial. The court granted McCoy's motion. It granted DeVaughan's motion as to the first count and denied it as to the second count. From the judgment of conviction and the order denying a new trial the defendant has appealed.

On the third day of July, 1929, the prosecutrix went to work for Mr. and Mrs. McCoy, 1050 Sanchez Street, in San Francisco. She testified that on the evening of the 6th of July, 1929, when Mrs. McCoy was away from home, Mr. McCoy gave her a glass of port wine. She dimly remembered that later she was on her bed. She did not remember anything else till Mrs. McCoy came home at 2 A. M. At that time she did not know that she and McCoy had had intercourse. Later, July 13, 1929, she discovered that she had had intercourse with him. On that same date Mr. and Mrs. McCoy took her to Dr. DeVaughan.

On the trial the prosecution claimed that Mrs. McCoy took the witness to have an abortion performed. The defense claimed that she was taken to receive treatment for gonorrhoea. Judging by the orders made by it, we assume the trial court adopted the theory of the defense and re-

jected the theory of the prosecution on this part of the charge.

■ As to the second count the prosecution contended that the commission of an abortion, or an attempt to do so, would bring the perpetrators within the purview of section 21 of the Juvenile Court Act. But an abortion cannot be performed on a woman who is not pregnant. There is not in the record a particle of evidence that the prosecutrix is, or ever was, pregnant. The rulings of the trial court, as above shown, have, in legal effect, so held. If we consider that section 21 of the Juvenile Court Act commonly applies to acts committed to arouse the passions (*People* v. *Cohen*, 62 Cal. App. 521 [217 Pac. 78]), there was some slight, but most highly improbable, evidence on that score as against the defendant McCoy, but, as to him, a new trial has been granted. As to this defendant there is not a word in the record which tends to support the charge unless we assume he was guilty because he treated the prosecutrix for gonorrhoea. To so hold would find no support in any language contained in the Juvenile Court Act.

■ In other words, we think the trial court was clearly right when it advised the jury to acquit the defendant. Thereafter when the motion for a new trial was presented, it should have been granted as made.

The defendant took the stand in his own defense. Later the prosecution called witnesses to impeach his character for *truth and integrity*. In surrebuttal the defendant called witnesses to sustain his reputation for *truth and integrity*. The word "truth" needs no definition, it is understood by all. The word "integrity" has been defined as being synonymous with probity, honesty and uprightness in business relations with others (*Estate of Bouquier*, 88 Cal. 302 [26 Pac. 178]). On cross-examination of the defendant's character witnesses many questions were asked, objections made and objections sustained. The defendant claims misconduct on the part of the district attorney. ■ "The rule is that a character witness may be cross-examined as to his knowledge of reports of particular and specific charges of acts inconsistent with the character which he is called on to prove." (*People* v. *Steele*, 100 Cal. App. 639 [280 Pac. 999].) ■ We have examined each question so complained of and have weighed it by that rule. Two trans-

gressed, "Did you ever hear that Clarence Martin plead guilty to the charge and is now in San Quentin prison? . . . You don't know what the medical profession think of him?" We cannot say that the mere asking of those two questions, neither of which was answered, constituted prejudicial error.

The judgment and order are reversed.

Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 5, 1930.