[Crim. No. 3974. Second Dist., Div. Two. Mar. 13, 1946.]

THE PEOPLE, Respondent, v. SOPHIE ALVAREZ, Appellant.

Philip S. Schutz for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

MOORE, P. J.—Defendant appeals from a judgment of conviction of abortion with a prior conviction of the same crime for which she served a term in the state prison. Her sole contention is the insufficiency of the evidence to support the judgment.

The prosecutrix was 16 years of age at the time of the crime and her name is Rebecca. Her sister is named Rayette and her sister-in-law is Martha. Rebecca testified that in order to conceal the fact of her pregnancy and to procure an abortion she took quarters in the home of Martha. She had resided there three days when she espied appellant walking along the sidewalk. Having resolved to engage someone to effect an abortion she hailed the woman from the street about 2 o'clock in the afternoon of May 2 and inquired as to her availability. Martha, who had known appellant for a year, witnessed the conversation. Rebecca requested appellant to do something for her pregnancy. The interview terminated with appellant's promise to return later in the day and Rebecca's promise to pay her $10 then $15 on the following day. Before departing appellant told them to procure a catheter and to give Rebecca a dose of mineral oil. During the afternoon Martha obtained the catheter and assembled pans and lysol. No person visited the home prior to appellant's return at six o'clock. The latter proceeded to boil a solution of soapy water and lysol containing the catheter. Having had Rebecca lie upon a bed, appellant injected the solution into her body and after withdrawing the catheter administered a douche. She instructed the girl to walk around for two hours, collected

the $10 and departed, promising to return on the morrow for the balance of her bill. Pains seized the victim about 2 a.m. and continued until the afternoon when a well-formed, eight-inch fetus was born. After the aborted birth Rebecca had chills and was removed to a hospital about midnight of May 3.

Martha duplicated the foregoing testimony of Rebecca with the exception of the birth, at the time of which she was not present. In addition she disclosed that she did not arrange for appellant to perform an operation. Having heard the agreement of Rebecca and appellant, Martha awaited the latter's return. When she arrived at six o'clock appellant stated that she was going to perform an abortion. The soapy fluid was injected by use of a syringe which Rebecca had obtained from a neighbor. On May 3 appellant called for the $15. During the day Rebecca suffered cramps.

Rayette saw Rebecca in labor in the afternoon of May 3. At 2:30 p.m. she saw her sister give birth to the fetus which she buried. On advice of appellant, who arrived just prior to the birth, she gave the suffering girl aspirin tablets. About 3:30 p.m. she left for her own home only to return at 11 o'clock to convey Rebecca to the hospital.

Appellant contends that the testimony of the three women was not competent to convict her. She argues that so to hold would effectively nullify the intendment of section 31 of the Penal Code as construed with section 1111; that they are all principals within the meaning of section 274.

 Section 31 defines principals as (1) those concerned in the commission of the crime who advise or encourage its commission and (2) those who aid and abet in its commission, as well as (3) those who actually commit the offense. It is readily seen that neither Rebecca nor her sisters were principals in the crime charged against appellant, who "did . . . feloniously . . . employ an instrument upon the person of Rebecca with . . . intent . . . to procure the miscarriage of . . . Rebecca . . ." That Martha purchased the catheter, prepared the room for the operation and allowed appellant to come to her home expressly for the operation does not make her and Rebecca principals with appellant in the violation of section 274, Penal Code. That section makes it a felony for anyone *to employ on any woman an instrument with intent thereby to procure the miscarriage of such woman.* The employment of the catheter to effect an abortion was by appellant alone.

 The fallacy of appellant's argument becomes clear when

an accusation under section 275 against Rebecca is considered. This section makes it a felony for any woman to solicit or take drugs or to submit to any operation with intent thereby to procure a miscarriage unless necessary to preserve life. In order to have constituted either Martha or Rayette as an accomplice it would have been necessary to name Rebecca in the accusation under section 275 for having submitted to the operation. But no one was accused under section 275, while appellant was alone brought to trial under section 274 for using an instrument on Rebecca. When she undertook the operation she knew that her victim was in good health and was pregnant. She agreed to render the service for $25, instructed Martha to purchase a catheter, later returned, performed the unlawful act, douched the girl and told her to take mineral oil. The fetus having passed within 24 hours, Rebecca was confined to the hospital for three weeks.

The judgment is supported by not only the plain letter of the statute but also by the decisions of *People* v. *Clapp,* 24 Cal.2d 835 [151 P.2d 237], and *People* v. *Wilson,* 25 Cal.2d 341 [153 P.2d 720]. In the Clapp case it was urged that the members of the family who were present and giving comfort to the aborted woman were accomplices of the offender. Such contention was rejected. They could not have been guilty of the offense on trial inasmuch as they were not "liable to prosecution for the identical offense charged against the defendant on trial." (Pen. Code, § 1111.) ■ The fact that a witness may have been punishable for cooperating with the accused does not make him an accomplice. (*People* v. *Clapp,* p. 838.) In the Wilson case it was held that the husband of the victim was subject to prosecution for the offense charged against the defendant because he played an active part in effecting the abortion. But his wife was not an accomplice and therefore her testimony was competent to corroborate his, and his testimony could corroborate hers.

■ Since Rebecca was not punishable for the offense for which appellant was on trial, her testimony went before the court below with no vices except such as might have been inherent in it, to be determined by the court. Under both of the cited cases she was not a principal or an accomplice but her testimony aided by that of Martha and Rayette, who were not accomplices of defendant, was sufficient if believed to support the conviction. (See Pen. Code, § 1108.) Even though the

purchase of the catheter by Martha or the burial of the fetus by Rayette were deemed such "an active part" in the operation as to make them accomplices of defendant, still under the Wilson case the testimony of both of them was competent to corroborate that of Rebecca. (Pen. Code, § 1108.)

As to the adequacy of their testimony to corroborate Rebecca, the most that could be said to its disfavor is that it was a question for the trial court to determine whether they were accomplices. (*People* v. *Darrow*, 212 Cal. 167, 169 [298 P. 1].) In the Darrow case the trial court submitted to the jury the question of whether the witness who paid defendant's fees was an accomplice. Such action was approved since the evidence did not conclusively establish the relation of the witness as that of an accomplice even though he administered the anaesthetic through two operations on successive days.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 11, 1946. Carter, J., and Schauer, J., voted for a hearing.