**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**HIPOLITO RIVERA SOLIS, Appellant**

No. 15,261

United States Court of Appeals

Third Circuit

Argued January 31, 1966

Decided March 9, 1966

*See, also, 359 F.2d 518*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant*

ALMERIC L. CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge*; and MARIS and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

## OPINION OF THE COURT

On this appeal we review a conviction of murder in the first degree and the consequent mandatory sentence of life imprisonment under the law of the Virgin Islands.

The victim of the homicide, an elderly country storekeeper, was killed by blows upon the head inflicted with some blunt instrument. The assault occurred at night in a rural area of St. Croix. The screams of the victim attracted persons to the scene in time to see two unrecognized figures running away. A piece of galvanized pipe filled with lead lay beside the victim.

Police investigation failed to solve the crime. Almost a year later, one Francisca Santos Figueroa voluntarily came to police headquarters and reported that Benito Rivera Solis, with whom she had been living, had left the island with her fourteen-year-old daughter. She also volunteered evidence indicating that Benito and his brother Hipolito Rivera Solis, the present appellant, had committed the unsolved murder. She explained that she had remained silent because the brothers had threatened to kill her if she should talk.

Both brothers were tried and convicted of murder in the first degree. Francisca Santos Figueroa was separately convicted, on her plea of guilty, of the crime of misprision of felony. Subsequently the appellant Hipolito was granted a new trial because of the erroneous admission of a confession. 334 F.2d 517, 4 V.I. 615. On retrial he was convicted again, principally upon the testimony of Francisca Santos Figueroa.

On this appeal three principal contentions are made. Two of them are, in our view, rather clearly without merit.

■ First, it is argued that the district court abused its discretion in refusing to grant a change of venue for the second trial of Hipolito because of the notoriety of the crime and the first trial and the existence of hostility against the accused throughout the island of St. Croix. We have examined the record with care and find no showing of such persisting community-wide hostility against the accused, or even such general awareness of the supposed details of the crime, as would lead to the conclusion that a fair trial could probably not be obtained in St. Croix. Moreover, the voir dire examination of prospective jurors, many of whom professed complete ignorance of the homicide, indicated that the case was not as notorious as the appellant contends. No great difficulty was experienced in obtaining a jury satisfactory to the parties. Indeed, the defense exercised only eight of its ten available peremptory challenges. In these circumstances, we are satisfied that the court's refusal to order a change of venue was an entirely proper exercise of judicial discretion. Cf. United States v. Moran, 2d Cir. 1956, 236 F.2d 361; United States ex rel. Darcy v. Handy, 3d Cir. 1955, 224 F.2d 504.

■ Next, the appellant urges that the prosecutor's assertion in his opening statement that he expected to introduce testimony of an eye witness to the crime, together with his subsequent failure to call any such witness constituted prejudicial error, although the record shows that the statement undoubtedly was made in good faith. The prosecutor did not in any way indicate what the intended witness would testify. At most he indicated that someone saw the homicide committed. There was no assertion that this witness could or would identify the appellant or connect him with the crime in any way. It also is relevant that the court properly advised the jury that guilt or innocence must

be determined only on the evidence duly presented. Moreover, if the prosecutor's statement and his subsquent failure to call any eye witness had any effect upon the jury we think its impact may well have been prejudicial to the prosecution because of the logical implication that the "eye witness" either was non-existent or, if called, would not have helped the case of the prosecution. See United States v. Smith, 7th Cir. 1958, 253 F.2d 95, 98. The claim of reversible error in this connection is not well founded.

 The most substantial contention of the appellant is that he was convicted upon the uncorroborated testimony of an accomplice in violation of the provision of section 17 of Title 14 of the Virgin Islands Code that "[no] conviction can be had upon the testimony of an accomplice unless it be corroborated by such other evidence as tends to connect the defendant with the commission of the crime". However, we are satisfied that Francisca Santos Figueroa, whose testimony was a major and indispensable part of the case against the appellant, was not an accomplice within the meaning of the statute. True, she pleaded guilty to a charge of misprision of felony in violation of a statute that reads as follows:

"Whoever, having knowledge of the actual commission of a felony, willfully conceals it from the proper authorities, shall be fined not more than $500 or imprisoned not more than 3 years, or both." 14 V.I. Code § 13.

But such withholding of information is a separate offense distinct from complicity in the crime with which the appellant is charged. The rule requiring corroboration of the testimony of an accomplice applies only to a witness who was party to the offense with which the accused is charged. People v. Alvarez, 1946, 73 Cal. App.2d 528, 166 P.2d 896; People v. Pasquarello, 1953, 282 App. Div. 103, 123 N.Y. Supp.2d 98; Hoffman v. State, 1945, 148 Tex. Crim. 216, 1855 S.W.2d 729.

■ But, even if withholding information about a crime would normally make the withholder an accomplice of the perpetrator, the indisputed evidence here is that the witness withheld information because she had been intimidated by threats of the accused upon her life. There is no evidence that she associated herself in any way with the design to harm the victim of the homicide or that she voluntarily assisted the accused in avoiding detection and apprehension. It is clear the one who is thus coerced into participation in a criminal enterprise is not an accomplice whose testimony about the crime must be corroborated. Saldiveri v. State, 1958, 217 Md. 412, 143 A.2d 70; People v. Bias, 1959, 70 Cal. App. 502, 339 P.2d 204.

■■ By requiring testimonial corroboration, the law provides an accused person with a degree of protection against the danger that an associate in the charged wrongdoing will seek to save himself by falsely incriminating a colleague. But the woman whose only wrong on the present record was silence imposed by the appellant's threats was not such an associate in the charged wrongdoing. The rule requiring corroboration of the testimony of an accomplice is simply inapplicable to the facts of this case.

We are satisfied that the record before us shows a just conviction, upon very persuasive evidence of guilt, accomplished without substantial or prejudicial error in a trial at which the accused were ably and diligently defended by assigned counsel.

The judgment will be affirmed.