**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ROBERT E. WILLIAMS, Defendant**

Crim. No. 103-1969

District Court of the Virgin Islands
Div. of St. Thomas and St. John

December 8, 1969

 

VINCENT A. COLIANNI, ESQ., Assistant United States Attorney, *for Government*

CROXTON WILLIAMS, ESQ., *for defendant*

ALMERIC L. CHRISTIAN, United States District Judge, *Judge*

## ORDER

Defendant Robert E. Williams, currently in custody awaiting trial on a charge of robbery, has by counsel filed a timely motion, pursuant to the provisions of Rule 41(e) of the Federal Rules of Criminal Procedure, requesting the suppression of a confession admittedly signed by him.

In brief, Williams contends that the confession he made to the police was obtained in violation of the standards laid down by the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966). At the hearing on his motion to suppress, Williams admitted that he had been properly warned of his rights, and that he signed a document acknowledging receipt of such warning. He firmly maintains, however, that, immediately after he had affixed his signature to that document, he requested coun-

sel, but was not afforded an opportunity to consult with counsel or even to attempt to secure counsel. Repeated requests were to no avail. After unsuccessfully attempting to exercise his right for some thirty to forty minutes, during which time, he says, investigating officers repeatedly told him that it would be best for him and his law-abiding family, known to the officers, if he would make a statement, he yielded. The accused related an alleged recent experience before the Municipal Court when, he claimed, counsel had been denied him by a judge of that court. This together with the deaf ear turned to his request for counsel by the officers, he says, satisfied him that counsel would not be made available to him. In that frame of mind, he says, he gave the statement now sought to be suppressed. After so doing, he agreed to waive counsel and did, in fact, at that time sign a formal waiver which was presented to him.

The investigating officers, Lt. Cyril Dessuit and Detective Alphonso Wiltshire denied that they had used any form of persuasion on Williams. They testified that within minutes after he was brought to the station house, he read the warning of his rights, which was also read to him, he affixed his signature to that document, and, at the same time, signed the form of waiver of counsel also.

The confession together with the forms of warning of rights and waiver of counsel were admitted in evidence. Each of the documents was dated August 8, 1969. On the form of warning of rights, the indicated time of its execution by Williams was 11:30 a.m. The time shown on the confession was 11:45 a.m. The time on the waiver of counsel was 12:30 p.m.

The officers testified that the documents were signed by Williams in their presence, that they observed him as he signed, that the times shown on the documents were written by Williams after they had checked their watches and

had told him what times to insert, and that they had observed him as he made the entry as to times also. The officers were unable to explain the 11:30 entry on the warning form as against the 12:30 entry on the waiver form other than to say that they did not notice that the time Williams had written on the waiver was not the time they had told him to write. They held firm to their position that the two documents had been executed at the very same time.

 The U.S. Attorney, in urging the denial of the motion to suppress, argues that the Miranda standard was in no way violated, but that, even were the Court to so find, the motion to suppress should still be denied, in view of the provisions of 18 U.S.C. Sec. 3501. Considering the testimony of the defendant, and the corroboration of that testimony apparent on the face of the documents, with no satisfactory explanation by the investigating officers, the Court is constrained to find that the evidence supports the defendant's contention that, after he signed the warning of his rights, he persisted in his request for counsel for some time thereafter, and that, when it became apparent to him that counsel would not be made available to him, nor would he be afforded the opportunity of attempting to secure counsel, he made the statement to the police which was reduced to writing, and that it was only thereafter the waiver of right to counsel was signed.

The Court is not persuaded that the confession in the instant case is saved by 18 U.S.C. Sec. 3501. As a matter of fact, under subsection (b) of that statute, in view of my acceptance of the defendant's testimony as the true version of what transpired, I would be compelled to find that the said confession was not voluntarily given, and I do so find. But more than that, the statute provides in pertinent part,

"(a) In any criminal prosecution brought by the United States or by the District of Columbia ***."

■ It is clear that this criminal prosecution was brought by neither of the two governments mentioned in the statute. The U.S. Attorney urges, that though the statute appears to be restricted to the United States and the District of Columbia prosecutions on its face, a prosecution by the Government of the Virgin Islands is still included within its terms, citing in support of this contention Government of the Virgin Islands v. Lovell, 6 V.I. 422, 378 F.2d 799 (3 cir. 1967). In Lovell, the Court of Appeals held, in construing the so-called Jencks Statute, 18 U.S.C. Sec. 3500, that, though that statute also read in pertinent part,

"in any prosecution brought by the United States ***", that court, by virtue of its supervisory powers would make applicable to prosecution in the Virgin Islands the provisions of the Jencks case and statute. This the Court did, because, as it said,

"*** we believe that the legislative gloss placed on the Jencks case by Congress in enacting 18 U.S.C. 3500 has resulted in a sound rule. Policy and logic dictate that such a rule shall obtain in all criminal prosecutions in the Virgin Islands ***."

It follows, of course, that, by virtue of the same supervisory powers the Court of Appeals may make applicable to prosecutions in the Virgin Islands the provisions of 18 U.S.C. 3501. Thus far, however, the Court has not had the opportunity to act in this regard and, one way or another, this Court, therefore, must, and as best it can, anticipate whether the Circuit Court would in this instance exercise, or decline to exercise, its supervisory powers. Having in mind that court's constant and jealous concern for the rights of persons accused of crime, who are interrogated by the police while in custody in the absence of counsel, with

particular reference to such cases as the Government of the Virgin Islands v. Solis, 5 V.I. 469, 334 F.2d, 517 (3 cir. 1964), Government of the Virgin Islands v. Reyes and Aquino, 6 V.I. 395, 378 F.2d 540 (3 cir. 1967), I am of the opinion that our Circuit Court, in the absence of guidance from the United States Supreme Court, would in an instance such as this decline to exercise its supervisory powers and make applicable to Virgin Islands prosecutions the provisions of 18 U.S.C. 3501. Accordingly, the motion to suppress the confession of the defendant Robert E. Williams and all evidence derived or obtained by the police by virtue of the said confession is hereby GRANTED.